AMALGAMATED CLOTHING WORKERS OF AMERICA, LOCAL UNION NO. —, et al. v. CURLEE CLOTHING CO.

Circuit Court of Appeals, Eighth Circuit.
April 21, 1927.

No. 7413.

1. **Courts** ⊜➾314—Delaware corporation, receiving all property of Missouri corporation by same name June 16th, held citizen of Delaware for jurisdictional purposes July 2d.

Delaware corporation, receiving all property of Missouri corporation by same name June 16th, shares in which had been issued in place of all shares except 120 of Missouri corporation by June 30th, *held* citizen of Delaware for jurisdictional purposes in federal court on July 2d, where change was intended to be permanent, and federal jurisdiction was minor consideration, though Missouri corporation was not dissolved on July 2d.

2. **Courts** ⊜➾314—Corporation, by transfer of property to corporation organized under different state, may become citizen of latter for jurisdictional purposes in federal court.

Corporation may convey all or any of its property to another corporation organized under different state, and becomes citizen of such state for jurisdictional purposes in federal court, unless transfer is for purpose to work fraud on federal court, by creating temporary and spurious citizenship.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Suit by the Curlee Clothing Company against the Amalgamated Clothing Workers of America, Local Union No. —, and others. Decree for complainant, and defendants appeal. Affirmed.

Luther Ely Smith, of St. Louis, Mo. (Elmer E. Pearcy, of St. Louis, Mo., on the brief), for appellants.

Francis M. Curlee and Albert D. Nortoni, both of St. Louis, Mo., (Kenneth Teasdale, of St. Louis, Mo., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

STONE, Circuit Judge. This is an appeal from a final decree enjoining appellants (defendants below) from doing various acts set forth in the decree.

[1] The sole question presented here is that of the jurisdiction of the trial court as a federal court. Jurisdiction is based solely on diversity of citizenship. There is no dispute that appellants are citizens and residents of the state of Missouri. Appellee claims to be a corporation organized under the laws of the state of Delaware and, therefore, a citizen and resident of that state for jurisdictional purposes. The controversy is whether, for jurisdictional purposes, appellant is to be regarded as a Delaware or a Missouri corporation—or, more accurately, whether it is to be regarded as one or the other at the date this complaint was filed, because, obviously, that date is controlling as to the jurisdictional question involved. Anderson v. Watt, 138 U. S. 694, 702, 703, 11 S. Ct. 449, 34 L. Ed. 1078; Mullen v. Torrance, 9 Wheat. 537, 539, 6 L. Ed. 154.

There is no dispute as to the essential facts. The complaint was filed on July 2, 1925. On that date there were in legal existence two corporations. We understand that no issue is made as to that, but that appellants concede the legal formation of a Delaware corporation (Curlee Clothing Company) and appellee concedes that the Missouri corporation (Curlee Clothing Company) had not then been dissolved. June 15, 1925, the Delaware corporation was licensed to do business in Missouri. June 16, 1925, all of the property of the Missouri company was transferred to the Delaware company in consideration of the issuance to the stockholders of the Missouri company of stock, share for share, in the Delaware company and assumption of the indebtedness of the Missouri company. This deed and this bill of sale were not recorded until July 6th. June 16, 1925, the president of the Missouri company wrote the stockholders that "the reorganization of the company as a corporation under the laws of the state of Delaware has been effected" and requested that they send in their stock "at your earliest convenience" to be exchanged for stock in the Delaware company. At this time, the Missouri company had 5,370 shares outstanding. By June 30, 1925, all had been sent in and Delaware company stock delivered in lieu thereof, except 120 shares belonging to a stockholder in California. This latter stock was, on July 2d, in the mails from California and was received in St. Louis on July 3, 1925, and Delaware company stock issued therefor on that date. At the meeting of the stockholders (Missouri company) on June 16, 1925, at which resolutions were passed authorizing the transfer of all the property to the Delaware company and approving the resolution of acceptance thereof by the Delaware company, the meeting was adjourned to July 15, 1925. July 6, 1925, the attack upon the jurisdiction of the trial court began. July 9th, a special meeting of the stockholders of the Missouri company was

held and a resolution of dissolution adopted. This resolution was recorded on July 10th in the city recorder's office and filed on July 11th, in the office of the secretary of state. July 15th (presumably in pursuance of the adjournment of June 16th,) an "adjourned meeting of former stockholders" was held at which all certificates of stock of the Missouri company were ordered canceled.

There was much testimony that this change of corporate form had been in contemplation for several years before any of the above steps were taken to execute such intention. Also, that the main reasons for such change were of a business nature unconnected with federal court jurisdiction, although that consideration was one of the anticipated advantages of such change. Also, that the initial steps above in this change were taken without contemplation of this or other litigation. The only steps remaining when this bill was filed were those necessary to dissolve the Missouri corporation. The testimony is convincing that had this litigation not intervened this change would have proceeded and been consummated, probably at the adjourned meeting of July 15th. It is evident that the attack upon the jurisdiction (July 6th) hastened the matter and resulted in the meeting (July 9th) at which such dissolution was made effective. It is clear, also, that when the bill was filed the Missouri corporation was in full corporate life with none of its stock canceled. Also, that the same stockholders, in the same ratio of stock holding, composed each company and could have caused a reconveyance of the property to the Missouri company at any time they wished.

The above situation is clearly established. The real question is one of law and is whether the Delaware corporation was, under these circumstances, so independent and free as to this property and business that it can appear in a federal court as a litigant. [2] We think it can. There can be no question that, so far as federal jurisdiction is concerned, a corporation may convey all or any of its property to another corporation (organized under a different state). The motive with which this is done is not always controlling. The test is whether it is done with the purpose and in such a manner as to work a fraud upon the federal court by creating a temporary and, in reality, a spurious citizenship. Where the purpose is merely to create diversity of citizenship for such temporary or special purpose and where the power remains to annul this diversity as soon as it has served such purpose, there is such

fraud. Where either the above purpose or the above power is absent, there is no such fraud. The above rule or rules are laid down in Lehigh M. & M. Co. v. Kelly, 160 U. S. 327, 16 S. Ct. 307, 40 L. Ed. 444, and Miller & Lux v. East Side Canal Co., 211 U. S. 293, 29 S. Ct. 111, 53 L. Ed. 189.

Here, there was no such purpose, but it is clear that this change was intended to be permanent and that federal jurisdiction was only one and probably a minor consideration for the change.

Therefore the decree should be and is affirmed.

VAN VALKENBURGH, Circuit Judge. I concur in the foregoing opinion of Judge STONE. At the time the suit was brought the incorporation of appellee under the laws of Delaware, and its license to do business in Missouri, were accomplished facts. The dissolution of the Missouri corporation was in process and had advanced to within a step of completion. That the old corporation had not yet been formally dissolved may be, considered as bearing upon the question of bona fides and permanency of change, but it is not decisive. The decisive question is whether the new corporation is real or fictitious. Black & White Taxicab & Transfer Co. v. Brown & Yellow Taxicab & Transfer Co. (C. C. A. 6) 15 Fed.(2d) 509–511.

This conclusion is clearly foreshadowed in Miller & Lux v. East Side Canal Co., 211 U. S. 293, 300, 304, 29 S. Ct. 111, 113 (53 L. Ed. 189) as witness:

"It does not appear that any steps had or have been taken to disincorporate the California corporation. Nor can it be said when, if ever, that corporation will be dissolved, * * * the California corporation could at any time, *even after this suit was concluded,* have required the Nevada corporation, without any new or valuable consideration, to surrender all its interest in the property. * * * The Nevada corporation had no real interest in the property. Its ownership was a sham, in that it could *at any time after the bringing of this suit* have been compelled by the California corporation to dismiss the suit and abandon all claim to the property in question. * * *

"We do not intend by what has been said to qualify the general rule, long established, that the jurisdiction of a Circuit Court, when based on diverse citizenship, cannot be questioned upon the ground merely that a party's motive in acquiring citizenship in the state in which he sues was to invoke the jurisdiction of a federal court. But that rule is attend-

ed by the condition that the acquisition of such citizenship is real, with the purpose to establish a. permanent domicile in the state of which he professes to be a citizen at the time of suit, and not fictitious or pretended. Morris v. Gilmer, 129 U. S. 315, 328 [9 S. Ct. 289, 32 L. Ed. 690]." The italics are mine.

At the date of the hearing on July 15, and of the ruling upon the question of jurisdiction on July 31, the Missouri corporation had passed out of existence. The Delaware corporation when the suit was filed, was and ever since has been, a subsisting corporate entity, organized in good faith and intended to be permanent. In such case the jurisdiction cannot be questioned.

STONE, Circuit Judge. I concur in the above opinion by Judge VAN VALKENBURGH.

SYMES, District Judge, concurs in the above opinions.