GREEN & WHITE CONSTRUCTION COMPANY, INC., a Delaware corporation, Plaintiff,

and

D. H. Overmyer Company, Inc. (Ohio), an Ohio corporation, Plaintiff,

v.

CORMAT CONSTRUCTION COMPANY, an Illinois corporation, Defendant.

No. 68 C 2491.

United States District Court, N. D. Illinois, E. D.

July 23, 1973.

Robert H. Joyce, Raymond J. Kelly, Jr., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Green & White Construction Co., Inc.

Leonard M. Ring, Chicago, Ill., for D. H. Overmyer Company, Inc.

Mitchell S. Goldgehn, Gerald M. Petacque, William H. Symmes, Kirkland & Ellis, Chicago, Ill., for defendant.

## MEMORANDUM OF DECISION

TONE, District Judge.

This case was originally brought by the contractor, Green & White Construction Company, Inc., against one of its subcontractors, defendant Cormat Construction Company, for damages caused by allegedly careless and negligent performance of its contractual obligations. D. H. Overmyer Company, Inc. (Ohio) successfully sought to intervene, as the owner of the construction project, on a tort claim for damages involving the same allegedly negligent contract performance by Cormat which allegedly resulted in the destruction of certain of Overmyer's property.

In June of 1972, the original action between Green & White and defendant Cormat was dismissed pursuant to a settlement stipulation. Intervenor-plaintiff Overmyer's complaint remains. Defendant, an Illinois corporation, has now moved to dismiss that complaint for lack of subject matter jurisdiction, alleging a lack of real diversity of citizenship between the parties. The intervention must be supported by independent jurisdictional grounds when, as here, the only basis for the intervention in an in personam action is a common question of law or fact under Rule 24(b)(2), F.R. Civ.P., 3B Moore's Federal Practice, ¶ 24.18[1] (2d ed. 1969); Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 540 (8th Cir. 1970); Wright, Federal Courts 331, (2d ed. 1970); 7A Wright & Miller, Federal Practice & Procedure, § 1917 (1st ed. 1973).

Although intervenor-plaintiff's complaint pleads that it is the owner of the buildings and property at the site of the construction project where defendant was engaged, it appears from the supporting papers on this motion that intervenor-plaintiff has a wholly-owned subsidiary, D. H. Overmyer Co., Inc. (Illinois), which was at the pertinent time the owner of the property in question

and which contracted for the construction project. Defendant contends that the Illinois subsidiary is the real party in interest and that there is therefore no diversity of citizenship. Intervenor-plaintiff asserts in its memorandum in opposition to the motion that the Illinois subsidiary has assigned all of its rights against defendant to the Ohio parent. I will assume this unsworn assertion to be correct for purposes of the motion, and consider the effect of this purported assignment under the principles governing diversity jurisdiction which must be examined to adjudicate this motion to dismiss.

■■ Where an assignment is made specifically for the purpose of invoking the jurisdiction of a federal court, it is treated as "improperly or collusively made" for jurisdictional purposes and that court may not take jurisdiction. 28 U.S.C. § 1359.[1] But where the transfer of a claim is absolute, with the transferor retaining no interest in the subject matter, the assignment is not "improperly or collusively made" regardless of the transferor's motive. Kramer v. Caribbean Mills, 394 U.S. 823 n. 9, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969). While it is not absolutely clear just how an assignment from subsidiary to parent fits into this framework of principle, see Pritchard & Co. v. Dow Chemical, 331 F.Supp. 1215, 1220 (W.D.Mo.1971), it is difficult to see how such transfers can ever be "absolute," since the transferor can always arrange to have the assigned claim transferred back and can therefore be said to "retain an interest." Although technically two separate corporate forms, the same set of stockholders control the actions of the parent and its wholly-owned subsidiary, and the stockholders, through their officers, can effect the assignment and re-assignment of claims and interests from one to the other at will. The Supreme Court has held that a *parent* cannot attempt to create federal jurisdiction by assigning its claim to a subsidiary for just that reason, Miller & Lux v. East Side Canal & Irrigation Co., 211 U.S. 293, 29 S.Ct. 111, 53 L.Ed. 189 (1908). The Court stated that if the stockholders of the parent have the right and power to compel the subsidiary (also controlled by those same stockholders), holding the legal title to a claim through assignment, to re-convey such title to the parent without a valuable consideration, that is the equivalent, for federal jurisdictional purposes, of an agreement to do so. Where the motivation for the assignment is to vest the federal court with jurisdiction, the transfer will be deemed collusive.

> " 'As we have said, that corporation may be required by those who are stockholders of its grantor, and who are also its own stockholders, at any time, and without receiving therefor any consideration whatever, to place the title where it was when the plan was formed to wrest the judicial determination of the present controversy from the courts of the state in which the land lies. It should be regarded as a case of an improper and collusive making of parties for the purpose of creating a case cognizable in the circuit court. If this action were not declared collusive, within the meaning of the act of 1875, then the provision making it the duty of the circuit court to dismiss a suit, ascertained at any time to be one in which parties have been improperly or collusively made or joined, for the purpose of creating a case cognizable by that court, would become of no practical value, and the dockets of the circuit courts of the United States will be crowded with suits of which neither the framers of the Constitution nor Congress ever intended they should take cognizance.' " 29 S.Ct. at 114.

■ Technically it can be argued that a subsidiary which assigns a claim to its parent cannot compel the parent to re-convey the claim. But in view of the

---

1. "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

strong policy limiting federal diversity jurisdiction, a policy which underlies *Miller & Lux, supra* (see 29 S.Ct. at 113) and which has since been repeatedly re-affirmed (see, *e. g.*, Ferrara v. Philadelphia Laboratories, Inc., 272 F.Supp. 1000, 1015 (D.Vt.1967)), *Miller & Lux* should not be read merely to apply to assignments from parent to subsidiary. Corporate formalities should yield to realistic analysis, and it is obvious that when a wholly-owned subsidiary assigns a claim to its parent, just as in the reverse situation, the same set of stockholders running both corporate forms can transfer title to that claim freely between them. In each case the transferor, whether it is the parent or the subsidiary, realistically retains a substantial pecuniary interest in and power over the outcome of litigation which it assigns to the other. The rationale of *Miller & Lux, supra*, prohibits such a transfer if made for the purpose of obtaining federal jurisdiction, regardless of whether it is made in the first instance by the parent or the subsidiary. While it is conceivable that a subsidiary could prove that an assignment was made to its parent, or vice versa, for legitimate commercial reasons independent of the desire to litigate in a federal court, it must bear a heavy burden of proof since the close relationship between parent and subsidiary necessarily presents opportunities for the collusive manufacture of such reasons.

■ It appears that the Illinois subsidiary in the instant case, as the original owner of the construction site, was the real party in interest, and that its Ohio parent "took title only as a matter of form, in order that . . . the stockholders interested in it, might, under the name of the [parent], invoke the jurisdiction of the Federal court and avoid the determination of the rights of the parties in the courts of the state." *Miller & Lux, supra*, 29 S.Ct. at 114. The intervening complaint contains no allegation that the assignment was for a legitimate business purpose other than to obtain federal jurisdiction,[2] and intervenor-plaintiff has made no showing, by affidavit or other evidence, that such was the case. We are forced to conclude that the assignment was for the purpose of creating diversity of citizenship, that the alleged diversity is therefore "improperly or collusively made," and that the intervening complaint must be dismissed. Intervenor-plaintiff must pursue its remedy in the state court, where it will be able to sue without a statute of limitation problem. Ill.Rev.Stat., 1971, Ch. 83, § 24a; Roth v. Northern Assurance Co., 32 Ill.2d 40, 203 N.E.2d 415 (1965).

---

2. The complaint misleadingly fails even to refer to the Illinois subsidiary, or the assignment.