**ARMOUR–DIAL, INC., Plaintiffs,**

v.

**ALKAR ENGINEERING CORPORATION, Defendants,**

v.

**LOCKWOOD–GREENE ENGINEERS, INC., Third-Party-Defendant.**

**No. 75–C–365.**

United States District Court, E. D. Wisconsin.

April 25, 1979.

See also D.C., 469 F.Supp. 1199.

James T. Murray, Douglas Carroll, Arnold, Murray & O'Neill, Milwaukee, Wis., for Fidelity & Deposit.

Robert D. Hoyt, Robert I. Perina, Perina & Hoyt, Madison, Wis., for Zurich.

Proctor D. Robison, Frisch, Dudek & Slattery, Milwaukee, Wis., for Bonewitz Chemical; Jack C. Riley, Pryor, Riley, Jones & Walsh, Burlington, Iowa, of counsel.

Robert W. Smith, DEC International Inc., Madison, Wis., for DEC International-Alkar.

James F. Lorimer, Boardman, Suhr, Curry & Field, Madison, Wis., for Lockwood.

Richard E. Braun, Whyte & Hirschboeck, Stanley F. Hack, Milwaukee, Wis., for Armour-Dial.

Timothy D. Fenner, Axley, Brynelson, Herrick & Gehl, Madison, Wis., for Rasmussens.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the motion of the defendant Bonewitz Chemical Services, Inc., joined in by the other defendants and the third-party defendant, to dismiss the action or, alternatively, to order the joinder of other parties under Rule 19, Federal Rules of Civil Procedure.

The motion is prompted by the defendants' discovery that in the course of financing the smokehouse structure which is central to this dispute, the plaintiff entered into a complex sale-leaseback arrangement which gave interests in the smokehouse structure and underlying realty to other entities. The movants urge that these other entities, Fort Madison Dial, Inc. and Brookville Energy and Properties, Inc., possess exclusively the interest in any property damages sought in this action and that the action should be dismissed for the plaintiff's failure to join them as required by Rules 17 and 19, Federal Rules of Civil Procedure. Alternatively, the movants seek the joinder of these parties under Rule 19.

## FACTS

Most of the facts pertaining to the present motion are not in dispute. In 1970, the plaintiff, a Delaware corporation, acquired a parcel of real estate in Fort Madison, Iowa, to locate a plant for its meat processing operations. The plaintiff purchased a "continuous smokehouse" from the defendant Alkar Engineering Corporation. The plant was built and production of the plaintiff's vienna sausage line began on September 11, 1972.

The plaintiff alleges that the smokehouse was unable to produce consistently the quality or quantity of sausage required by contract and that the smokehouse experienced corrosion problems which adversely affected the plaintiff's product and damaged the smokehouse itself, requiring repairs and future replacement.

The plaintiff commenced this diversity action in 1975, seeking damages on contract and tort theories for losses related to its production of sausage and also for losses incurred as a result of the repair and contemplated replacement of the smokehouse.

The facts from which the instant motion arises are as follows: On December 1, 1972, the plaintiff arranged for the financing of its Fort Madison, Iowa, plant through a sale and leaseback of the equipment and real estate comprising the plant. The following transactions took place simultaneously:

1. The plaintiff conveyed the subject property to Brookville Energy & Properties, Inc. (Brookville), a Delaware corporation;
2. Brookville leased back the subject property to Fort Madison Dial, Inc. (Fort Madison Dial), an Iowa corporation.
3. The plaintiff guaranteed the lease;
4. Brookville conveyed its interest in the property and the lease to Ardison Properties, Inc. (Ardison), a Delaware corporation;
5. Ardison entered into an indenture of mortgage, deed of trust and security agreement with the National Shawmut Bank of Boston N.A. and W.B. Wadland, as trustees for participating lenders, for the purpose of giving the trustees a lien on the subject property. Ardison assigned the lessor's interest under the lease to the trustees for collateral purposes.
6. Ardison reconveyed the property to Brookville.

One material fact alleged by the plaintiff to have occurred on December 1, 1972, is in dispute. The plaintiff claims that Fort Madison Dial, Inc. executed an assignment of its interest as lessee to the plaintiff but that such assignment has been inadvertently misplaced. Alternatively, the plaintiff suggests that the assignment, although authorized, intended and made orally, was inadvertently not executed.

Fort Madison Dial, Inc. was created by the plaintiff as a subsidiary corporation solely to act as a lessee at the closing on December 1, 1972, of the sale-leaseback arrangement. It has not performed any other business or function since that date. Its place of incorporation is Iowa, which is also the defendant Bonewitz' state of incorporation. Brookville is a Delaware corporation, but Bonewitz alleges that Brookville's principal place of business is in Iowa.

The plaintiff has made all rental payments under the lease agreement; Fort Madison Dial has made none. The plaintiff has continuously operated the smokehouse on the subject property, has incurred all the maintenance and repair expenses as required of the lessee under the lease, has paid all real estate taxes and insurance premiums, and has suffered lost production and lost profits. Fort Madison Dial has had no presence at the subject property and has claimed no injury of any kind in connection with the property. The plaintiff has also been treated as owner of the plant for federal income tax purposes.

Further, under the lease the lessee was assigned "whatever claims Lessor may have against . . . the sellers or the manufacturers of the Equipment under warranty, express or implied, or otherwise in respect thereof." The sale and leaseback arrangement also permits the lessee to repurchase the subject property at an amount equal to the unpaid balance of the loan.

In response to the instant motion of Bonewitz, which claimed that Fort Madison Dial and Brookville were the sole owners of the property damage-related causes of action, the plaintiff secured assignments from Brookville and Fort Madison Dial executed on December 28, 1978, of any rights they may have in the instant action, purporting to be effective as of December 1, 1972. The plaintiff asserts that neither Brookville nor Fort Madison Dial possessed any such rights, but it secured the assignments "to clarify any possible confusion."

## DISCUSSION

At the time Bonewitz filed the instant motion, it was under the impression from public records that Brookville was the own-

er and Fort Madison Dial was the lessee of the subject property. There was no indication of any assignment of their claims to the plaintiff until December 28, 1978, when the plaintiff filed its brief in response to Bonewitz' motion. Thus, in its reply brief Bonewitz raised for the first time the argument that the plaintiff may have improperly or collusively been assigned a claim in order to invoke the court's diversity jurisdiction. If either Fort Madison Dial or Brookville were a plaintiff in this action, there would not be complete diversity of citizenship since Bonewitz and Fort Madison Dial are Iowa corporations and, Bonewitz asserts, Brookville has its principal place of business in Iowa. 28 U.S.C. § 1332(a) and (c). Bonewitz contends that for this reason, the plaintiff arranged to receive assignments from Brookville and Fort Madison Dial of their claims against the defendants.

Because of the new argument in Bonewitz' reply brief, the parties filed supplementary briefs.

Since the motion to dismiss raises a question of subject matter jurisdiction, I turn first to that question. 28 U.S.C. § 1359 provides:

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

The purpose behind the statute was "to prevent the manufacture of [diversity] jurisdiction by the device of [an] assignment." *Kramer v. Caribbean Mills*, 394 U.S. 823, 826, 89 S.Ct. 1487, 1489, 23 L.Ed.2d 9 (1969).

In this case, the assignments dated December 28, 1978, did not confer an interest upon a party with a "total lack of previous connection with the matter . . ." as in *Kramer. Id.* at 827, 89 S.Ct. at 1490. The plaintiff is the sole real party in interest with respect to the claims for damages to its sausage producing operations and, had those claims been prosecuted alone in this action, there would have been no subject matter jurisdiction problem under 28 U.S.C. § 1359. It is because the plaintiff also

seeks to recover damages to the smokehouse, in which Brookville and Fort Madison Dial indisputably had an interest for some legally significant period of time, and because those two nondiverse parties assigned their claims to the plaintiff, that the possible collusive manufacture of jurisdiction is raised.

If the plaintiff based its right to prosecute the smokehouse damage claim upon the December 28, 1978, assignments, it would be likely that the assignments would be found collusive and for the purpose of acquiring federal diversity jurisdiction, because they came in response to the motion to dismiss and because the assignment between Fort Madison Dial and the plaintiff, a transaction between a parent and subsidiary corporation, is presumptively for the improper purpose of manufacturing diversity jurisdiction. *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 475 (2d Cir. 1976); *Green & White Construction Company, Inc. v. Cormat Construction Co.*, 361 F.Supp. 125, 128 (N.D.Ill.1973). However, the plaintiff argues that the assignments from Fort Madison Dial and Brookville were unnecessary to its prosecution of the smokehouse damage claims.

Thus, whether diversity jurisdiction has been manufactured by the plaintiff depends on whether it used the assignments to divest Fort Madison Dial and Brookville of interests that would otherwise have been joined mandatorily under Rule 19, Federal Rules of Civil Procedure. *Harrell and Sumner Contracting Company, Inc. v. Peabody Petersen Company*, 546 F.2d 1227 (5th Cir. 1977).

Rule 19(a), provides in part that:

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any persons

already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Subsection (b) of Rule 19 provides the court with guidelines for determining whether the action should be dismissed when a person who ought to be joined under subsection (a) cannot be joined.

Fort Madison Dial is lessee of the property and smokehouse equipment and under the lease is an assignee of any claims the lessor (Brookville) may have against the sellers of the equipment. Brookville is the legal owner of the property and equipment. These two parties ought to be joined under Rule 19(a), if feasible, because it is arguable that the defendants may be subjected to vexatious litigation and double liability if the rights of Fort Madison Dial and Brookville are not adjudicated in the same proceeding with the plaintiff. However, neither of these two parties may be joined in this action because their joinder would destroy the court's diversity jurisdiction. Accordingly, I must determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Rule 19(b); *Bio-Analytical Services v. Edgewater Hospital*, 565 F.2d 450 (7th Cir. 1977).

The first factor to be considered under Rule 19(b) is "to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties." It is clear that a judgment rendered in the absence of Fort Madison Dial and Brookville will not be prejudicial to them because they disclaim any interest in the recovery of any damages for injuries to the smokehouse.

The important question to be answered under this first inquiry is whether a judgment rendered in the absence of Fort Madison Dial and Brookville will be prejudicial to the defendants. Of concern here is the possibility that the defendants may be subjected to repetitive litigation by parties asserting the same claims with the possible result of double liability or inconsistent determinations. Brookville's assignment under the lease of all claims against the manufacturers of the equipment to the lessee (not the December 28, 1978, assignment to the plaintiff) stripped Brookville of any claim it might have against the defendants for the alleged damage to the smokehouse. Fort Madison Dial, the lessee, is a wholly owned subsidiary of the plaintiff and will therefore be bound by the judgment in this action under principles of res judicata. Thus, independently of the December 28, 1978, assignments by Brookville and Fort Madison Dial, the defendants will not as a practical matter be subjected to any significant threat of future successful litigation from the absent parties relating to the matters involved in this case.

The second factor to be considered is whether any prejudice can be avoided by provisions of the judgment, shaping relief, or other measures. As stated above, I doubt that there is a realistic danger of repetitive litigation by the absent parties; therefore, the need for protective measures is not great.

The third factor is whether a judgment rendered in the absence of the parties who would otherwise be joined will be adequate. The plaintiff does not suggest any reason why a judgment in its favor would not be effective. Other than the remote possibility of repetitive litigation discussed above, there appears to be no reason why a judgment in favor of the defendants would not also be effective.

The final factor is whether the plaintiff will have an adequate remedy if the action is dismissed because of the nonjoinder of the absent parties. The plaintiff argues that if the case is dismissed at this time, the statutes of limitations of the states in which the action might be instituted would bar the plaintiff's claims. The defendants do not challenge this assertion. It therefore appears that the plaintiff will have no remedy if this action is dismissed.

■ Thus, under the analysis prescribed by Rule 19(b), neither Fort Madison Dial nor Brookville may be regarded as indispensable parties. It therefore follows that

the assignments dated December 28, 1978, did not divest Fort Madison Dial or Brookville of interests that would have been joined mandatorily under Rule 19 in violation of 28 U.S.C. § 1359.

Relying on Rules 17(a) and 12(b)(6), Federal Rules of Civil Procedure, and arguments similar to those discussed above, the defendant Bonewitz also argues that the case must be dismissed because the plaintiff does not possess the substantive right to enforce the property damage-related claims.

This argument must be rejected for several reasons. First, Bonewitz does not and cannot argue that the plaintiff is not the real party in interest with respect to the claim for damages to its operations. Accordingly, the action cannot be dismissed in its entirety in any case.

Secondly, Rule 17(a) provides that:

"No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

The Rule is misleading to the extent that it implies that there can only be *one* real party in interest; in many cases, such as where there are joint payees on a note, there is more than one person possessing the substantive right to be enforced. See Clausen and Lowe, The New Wisconsin Rules of Civil Procedure, 59 Marq.L.Rev. 1, 72–78 (1976). If Fort Madison Dial and Brookville may be considered to have possessed part of the substantive right to enforce the property damage claim, their December 28, 1978, assignments may be deemed a ratification of the plaintiff's commencement of the action, thereby precluding dismissal under Rule 17(a).

Finally, I am satisfied that the plaintiff does possess the substantive right to pursue the property damage claim. The plaintiff contracted directly with the defendant Alkar Engineering Corporation and with Bonewitz for the construction of the smokehouse and for chemicals used in the smokehouse. The plaintiff paid all rents for the use of the smokehouse and has continuously operated the plant exclusively since its construction. The plaintiff has paid for all repairs to the smokehouse, has paid for all insurance on the plant and equipment, has paid all real estate and property taxes on the plant and equipment, and has been treated as the owner of the plant and equipment. Further, the plaintiff has received all revenues produced by the smokehouse operation and has allegedly suffered losses because of the defendants' conduct.

For the above reasons, I find that the action should not be dismissed for any Rule 17 defect or for the failure of the plaintiff to state a claim upon which relief may be granted.

### CONCLUSION

Therefore, IT IS ORDERED that the motion of the defendant Bonewitz Chemical Services, Inc., joined in by the other defendants and the third-party defendant, to dismiss or, alternatively, for joinder of parties, be and hereby is denied.