**Jack R. SIMPSON, Plaintiff-Appellee,**

**v.**

**ALASKA STATE COMMISSION for HUMAN RIGHTS, Intervenor,**

**v.**

**PROVIDENCE WASHINGTON INSURANCE GROUP, a Foreign Corporation, Defendant-Appellant.**

**No. 77–1289.**

United States Court of Appeals, Ninth Circuit.

June 11, 1979.

Richard O. Gantz (argued), of Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, on brief, for defendant-appellant.

Paul L. Davis, of Edgar Paul Boyko & Associates, P. C., Anchorage, Alaska, on brief; Edgar Paul Boyko and Paul L. Davis, Carolyn E. Jones, Asst. Atty. Gen., Anchorage, Alaska, for plaintiff-appellee.

Before BROWNING and KENNEDY, Circuit Judges, and PECKHAM,* District Judge.

**KENNEDY, Circuit Judge:**

Appellants challenge the district court's holding that federal law does not preempt an Alaska statute prohibiting age discrimination in employment. For the reasons set out below, we affirm.

The plaintiff, Jack R. Simpson, was a citizen and resident of the State of Alaska, and was employed there as a claims adjuster for the Alaska office of an insurance company. Pursuant to a company-wide mandatory retirement plan, Simpson was retired involuntarily shortly after he reached age 65. He brought suit for reinstatement, back pay, and punitive damages, claiming that his retirement violated state law. *See* Alaska Stat. § 18.80.220(a)(1) (Supp.1977). The corporate structure and identity of the employer are integral to our jurisdictional ruling and are discussed further below.

The company raised various affirmative defenses, its principal one being that state law had been preempted by the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–34 (1976). At the time of plaintiff's discharge, the ADEA protected employees between the ages of 40 and 65. The company argued that this federal policy operated to displace the provisions of Alaska law protecting employees over that age. On Simpson's motion, the trial court struck the company's affirmative defense on the preemption issue, holding, among its other rulings, that the federal statute was not intended to preempt state laws which protected employees after age 65. *Simpson v. Alaska State Comm'n for Human Rights,* 423 F.Supp. 552, 555–56 (D.Alas.1976).

We permitted this appeal to be taken after the district court certified the question under 28 U.S.C. § 1292(b) (1976). The Alaska State Commission for Human Rights as intervenor and other interested parties as amici have filed briefs urging

---

* Honorable Robert F. Peckham, United States District Judge for the Northern District of California, sitting by designation.

affirmance. For the reasons set forth below we conclude that the federal courts possessed jurisdiction of the case, and we affirm the district court's ruling that the ADEA does not preempt the Alaska statute.

*Jurisdiction*

■ The suit originally was filed in Alaska state court. Simpson named an Alaska corporation known as Providence Washington Insurance Company of Alaska as the defendant. The parent of that Alaska entity informed Simpson's lawyer that the parent was Simpson's employer. Simpson then amended his complaint and named the parent of the Alaska entity as the defendant. The parent then filed a petition for removal, alleging that diversity jurisdiction existed. When the petition was granted, the parent filed an answer.[1] The parent, called the Providence Washington Insurance Group (Parent), is incorporated in Rhode Island and has its principal place of business there. Neither the removal petition nor the responsive pleadings mentioned the Parent's relationship to any Alaskan subsidiary. After extensive pleadings had been filed in the federal court, and just prior to oral argument, the Parent's counsel in Rhode Island and its Alaska counsel became concerned that the court might not be advised fully of a potential jurisdictional problem. They called the matter to the district court's attention by letters, with copies to counsel.

The attorneys advised the district court, and this court on appeal, of the following matters: In addition to the corporate subsidiary Simpson first erroneously named as a party, the Parent had a second subsidiary in Alaska known as Preferred General (Subsidiary). Subsidiary is incorporated in Alaska and has its principal place of business there. The Parent purchased Subsidiary in January of 1973 and had not dissolved it. Simpson was hired in September of 1973 and during his tenure was held out to federal and state authorities as Subsidiary's employee. Sometime after Simpson was hired, the Parent started issuing payroll checks to all Alaskan employees. By an internal accounting procedure the Parent billed Subsidiary for the full amount of these payments. Counsel for the Parent, in its letters to the court, asserted that the Parent's claims department was Simpson's actual supervisor and "had the power to hire or fire." Because of this "element of control" counsel determined that the Parent, not Subsidiary, was Simpson's actual employer.

The district court concluded that it possessed diversity jurisdiction in the action, based on a stipulation by the defendant that it was the "real party in interest"[2] and, presumably, was capable of satisfying any judgment rendered against it.

At the outset we questioned the district court's assumption of jurisdiction in this case. Fed.R.Civ.P. 12(h)(3). After careful consideration we agree that diversity jurisdiction exists here. Simpson, an Alaska citizen, chose to sue the Rhode Island parent corporation, Providence Washington Insurance Group, as his employer under the Alaska Act. Since the parties are diverse and the amount-in-controversy requirement is satisfied, our only inquiry is whether this jurisdiction must be disregarded because the diversity is improper or collusive. The record before us does not support a conclusion that the diversity jurisdiction is irregular in any respect.

Diversity jurisdiction attached when the Alaska plaintiff sued the Rhode Island corporation and the latter removed the action

1. The Alaska corporation named in the original complaint was owned by the Parent, but it should not have been sued under any theory of the case. The Alaska corporation that plaintiff apparently intended to name in the original pleading was a second Alaska corporation, Preferred General, referred to in our opinion as "Subsidiary."

2. The real party in interest concept is correctly applied only to those persons prosecuting an action, not to a defendant. *See* Fed.R.Civ.P. 17; 6 C. Wright & A. Miller, Federal Practice and Procedure §§ 1543 *et seq.*, p. 643 (1971). However, the district court here clearly intended the nomenclature to mean that the parent corporation was the proper party defendant to the action.

to federal court. There is no suggestion that plaintiff and defendant acted collusively at the outset to create diversity jurisdiction.[3] A plaintiff ordinarily is free to decide who shall be parties to his lawsuit. *See McDonald v. General Mills, Inc.*, 387 F.Supp. 24, 38 (E.D.Cal.1974); 7 C. Wright & A. Miller, Federal Practice and Procedure, § 1602, p. 17, (1972)[4] and it seems clear that the plaintiff here chose to sue "a foreign corporation" whose correct name is Providence Washington Insurance Group.

█ It was not until long after the suit was filed, amended, and removed to federal court that the assumption of liability in question occurred by means of a stipulation that the Rhode Island parent would assume liability for the judgment as the real party in interest. Such an assumption of liability does not constitute improper collusion that would mandate dismissal of this action under 28 U.S.C. § 1359 (1976). We acknowledge that assignments of *causes of action* between parents and subsidiaries are presumptively ineffective to create diversity jurisdiction. *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 475 (2d Cir. 1976); *Green & White Construction Co. v. Cormat Construction Co.*, 361 F.Supp. 125, 127–28 (N.D.Ill.1973). However, this case does not involve an assignment to create jurisdiction.

We have found no cases suggesting that assignment of a cause of action between potential plaintiffs is equivalent to an assumption of liability by a defendant. We perceive a distinction between a plaintiff's active perpetration of "fraud upon the federal court by creating a temporary and, in

reality, a spurious citizenship," *Amalgamated Clothing Workers of America v. Curlee Clothing Co.*, 19 F.2d 439, 440 (8th Cir. 1927), *cert. denied*, 277 U.S. 585, 48 S.Ct. 433, 72 L.Ed. 2000 (1928), and a clearly diverse defendant's accepting full liability in a case in which a nondiverse party arguably has joint liability with it.

█ Section 1359 also prohibits collusion in "making" one a party. Here, the defendant, through no effort of its own, had already been made a party to the action. The statute was not, therefore, violated in this respect. Defendant's failure to raise certain affirmative defenses does not oust jurisdiction of the district court. We read the stipulation to represent nothing more than the defendant's decision to waive certain defenses to the action; this waiver is not tantamount to creating jurisdiction. If Simpson failed to join proper or indispensable parties under Fed.R.Civ.P. 19 and 20, or if under state law Simpson possessed no cause of action against the Rhode Island parent corporation because the parent was not Simpson's employer, the defendant was entitled to object by pleading or motion under Fed.R.Civ.P. 12. However, defenses such as failure to state a claim upon which relief can be granted or failure to join an indispensable party are waived if the parties fail to assert them at the time specified by the rules. Fed.R.Civ.P. 12(h)(2); *Smeed v. Carpenter*, 274 F.2d 414, 418 (9th Cir. 1960); *Black, Sivalls & Bryson v. Shondell*, 174 F.2d 587, 590–91 (8th Cir. 1949); *Snead v. Department of Social Services of New York*, 409 F.Supp. 994, 1000–01 (S.D.N.Y. 1975). *Cf. Continental Insurance Co. of*

---

**3.** Simpson's original state court complaint named the unrelated Alaska subsidiary as defendant. He subsequently amended this complaint, dropping the subsidiary and naming the Rhode Island parent corporation as defendant. This amendment *was the result of information supplied to Simpson by defendant's local counsel indicating that Simpson's employer was not the named Alaska subsidiary. See note 1, supra.* Rather, counsel for Providence Washington Insurance Group (Parent) advised Simpson that because the parent corporation retained complete control over Simpson's employment, its counsel felt that the parent corporation was Simpson's actual employer under the Alaska statute. It cannot be inferred from

this that Simpson's decision to amend his complaint to name the Rhode Island parent was the result of improper collusion between opposing counsel.

**4.** Plaintiff's choice must be compromised when significant countervailing considerations make the joinder of particular absentees necessary or desirable. *See Illinois Brick Co. v. State of Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977). However, as we observe below, it is defendant's responsibility in the first instance to raise these considerations underlying rules 19 and 20. Failure to join indispensable parties *does not oust jurisdiction.*

*New York v. Cotten*, 427 F.2d 48, 51 (9th Cir. 1970) (failure to object to non-joinder at trial). None of these defects is jurisdictional and therefore none divests the court of jurisdiction in this case.[5]

### The Merits

On the merits the appellant contends (1) that the Alaska statute has an implied age limit of 65 years; (2) that in any event the Alaska statute cannot protect employees over age 65 without conflicting with the Federal Age Discrimination Employment Act of 1967, an act which takes precedence; and (3) that Simpson has failed within the meaning of Fed.R.Civ.P. 8(a) to state a clear and concise claim. Judge von der Heydt prepared an opinion in the district court, reported at 423 F.Supp. 552, and addressed each of these arguments with care and precision. There is little helpful discussion that we can add to his accurate disposition of these issues, and we adopt Judge von der Heydt's opinion as that of the court.

AFFIRMED.

---

**5.** The issue of indispensability of parties is not before us on this appeal. Thus, because such questions are not jurisdictional in nature, we express no opinion on whether the nondiverse subsidiary corporation would be an indispensable party in this case. Suffice it to say that the district court has found that all necessary and indispensable parties have been joined and that the present defendant has, by stipulation, waived this issue as an affirmative defense. Unless the stipulation is subject to retraction for cause, challenge under rule 19 may be foreclosed on appeal.