**BLYTHE INDUSTRIES, INC., and Vanguard Construction Corp. (as Assignees of Blythe-Vanguard Construction Corp.), Plaintiffs,**

v.

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY and F.M.C. Corp. (Peerless Pump Division), Defendants.**

No. Civ. 83–1285 (PG).

United States District Court, District of Puerto Rico.

Oct. 21, 1983.

R. Arrillaga-Torrens, Jr., Díaz, De Aldrey, Cebollero, Cordova, Subira & Arrillaga, San Juan, P.R., and Jonah C. Grill, Tunstead, Schechter & Torre, New York City, for plaintiffs.

Hernando A. Rivera, Chapman, Duff & Paul, Hato Rey, P.R., for P.R. Aqueduct & Sewer Authority.

OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This matter is before us on motion to dismiss for lack of subject matter jurisdiction filed by defendant Puerto Rico Aqueduct and Sewer Authority (PRASA) on July 19, 1983 and based upon the proposition

that our now questioned jurisdiction is based on an improper or collusive assignment of claims.

Blythe Industries, Inc., is a North Carolina corporation with its principal place of business in North Carolina. Vanguard Construction Corp. is a New York corporation with its principal place of business in New York. PRASA is a public corporation of the Commonwealth of Puerto Rico and F.M.C. Corp. is a Delaware corporation having its principal place of business in Illinois.

Plaintiffs, as joint venturers, are the owners of Blythe-Vanguard Construction Corp., a Puerto Rican corporation which was formed for the sole purpose of performing certain construction work under a contract with PRASA. Blythe-Vanguard has assigned to plaintiffs all claims on and interest in all monies arising out of or due and owning under such contract. All amounts claimed in the complaint were expended by Blythe-Vanguard on or for the owner of the project, PRASA.

PRASA argues that neither plaintiff has alleged any damages as to itself. The only damage alleged is as to Blythe-Vanguard which has assigned all of its rights under the PRASA contract to plaintiffs.

Plaintiffs' reply to the motion to dismiss is based upon an affidavit of an officer of Vanguard, Edward P. Meehan, outlining the belief that there is a legitimate commercial reason involved in the mentioned transaction independent of the desire to litigate in a federal court. He concludes that plaintiffs are the true parties in interest and that they have acted properly pursuant to a joint venture agreement into about nine years prior to the commencement of this action, thus formalizing the original intent and agreement of the joint venturers.

PRASA notes in reply that the joint venture agreement does not provide for the assignment of claims by Blythe-Vanguard to plaintiffs and that collusion can be derived from the fact that Blythe-Vanguard lay dormant for five years, no assignment was then made and no legitimate commer-

cial reason could be discovered from the assignment which was made seven months before suit was filed here and three days after a practically identical suit was filed in the Southern District of New York.

Title 28 United States Code Section 1359 reads thus:

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

The joint venture was created for the sole purpose of performing one contract. No legitimate commercial interest is apparent from the assignment of November 12, 1982. We keep in mind the strong policy limiting federal diversity jurisdiction, see *Miller & Lux v. East Side Canal & Irrigation Co.*, 211 U.S. 293, 29 S.Ct. 111, 53 L.Ed. 189 (1908), and in favor of strict application of § 1359. See *Lehigh Min. Manuf's Co. v. Kelly*, 160 U.S. 327, 339–40, 16 S.Ct. 307, 312–13, 40 L.Ed. 444 (1895); *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 476 (2d Cir.1976). The affidavit presented by plaintiffs does not assist them in carrying their burden under 28 U.S.C. § 1359 to prove that the assignment was bona fide or not in contravention of § 1359.

In fact we can discern no motive other than that of creating diversity jurisdiction in the assignment subject of PRASA's motion under Rule 12(b)(1), Federal Rules of Civil Procedure. Cf. *Green & White Const. Co. Inc. v. Cormat Const. Co.*, 361 F.Supp. 125 (N.D.Ill.1973). This is particularly so due to the close relationship between assignor and assignees and the facility with which this type of assignment is made. See *Kramer v. Caribbean Mills*, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969). Indeed, assignments between parents and wholly-owned subsidiaries are always particularly suspect. See *Lehigh Min. & Manuf'g Co. v. Kelly*, supra; *Prudential Oil Corp. v. Phillips Petroleum Co.*, supra. There being no diversity jurisdiction as a result of the collusive assign-

ment, there is no subject matter jurisdiction. This case is therefore DISMISSED.