**Morris DWECK, Plaintiff–Appellant,**

v.

**JAPAN CBM CORPORATION, Defendant–Appellee.**

No. 87–6351.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 1989.*

Decided June 12, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Donald S. Burris, Burris, Wapner & Hiestand, Los Angeles, Cal., for plaintiff-appellant.

Derrick Fisher, Kalisch & Fisher, Beverly Hills, Cal., for defendant-appellee.

Before SNEED, REINHARDT and BRUNETTI, Circuit Judges.

SNEED, Circuit Judge:

Dweck appeals from the dismissal of his action for lack of subject-matter jurisdiction. We affirm.

## I.

### FACTS AND PROCEEDINGS BELOW

Japan CBM Corp. (CBM), a Japanese corporation, contracted to sell R.G.A. Co. (RGA), a Hong Kong corporation, 20,000 commercial videocassette players for approximately $7,000,000. The contract was never performed. Dweck brings this action for breach of contract, although he was not a party to the contract. He asserts, however, that he was to resell the videocassette players to Dalamal & Sons, Inc., a New York corporation and that he is the assignee of RGA's interest in the contract. Dweck invokes federal jurisdiction on diversity of citizenship.

Dweck, a United States citizen residing in New York, imports electronic products into the United States from Asia. Dweck asserts that he became "affiliated" with RGA in order to facilitate his business. He claims that he is "neither a shareholder nor a principal" of RGA. RGA was wholly owned by Chu, a Hong Kong resident and business associate of Dweck. They agreed, Dweck asserts, that although all foreign trading would be done in the name of the corporation, each man would receive the profits from transactions which he negotiated. Dweck contends that he alone negotiated the contract with CBM and thus, under his agreement with Chu, was entitled to all of the profits. In 1986, Chu died and his heirs decided to liquidate the corporation. As a consequence, RGA assigned its interest in the contract to Dweck. No consideration was exchanged. This assignment needed no consideration, Dweck contends, because he was entitled to all of the profits from the contract by virtue of his agreement with Chu.

CBM contests this version of the facts. It points out that Dweck testified at his deposition that he is a director of RGA. CBM also points out that, although requested to do so, Dweck failed to produce

any documentary evidence of the agreement between Chu and himself or the corporate structure of RGA. Dweck also failed to produce any evidence of any debts owed by RGA to himself that would support his claim that consideration was exchanged for the assignment.

On this showing, CBM moved to dismiss the action for lack of subject-matter jurisdiction or, alternatively, *forum non conveniens.* The district court held that the assignment was collusive and dismissed the action. *See* 28 U.S.C. § 1359 (1982). It also ruled that it would dismiss on the basis of *forum non conveniens* were it not dismissing on the "collusive assignment" basis. Dweck appeals.

## II.

## JURISDICTION

Jurisdiction is the subject of this appeal. Dweck alleged jurisdiction under 28 U.S.C. § 1332(a) (1982). This court has jurisdiction under § 1291.

## III.

## STANDARD OF REVIEW

■ Whether the district court had subject-matter jurisdiction is a question of law which this court reviews de novo. *Peter Starr Prod. Co. v. Twin Continental Films, Inc.,* 783 F.2d 1440, 1442 (9th Cir. 1986). The district court's findings of fact made in conjunction with its rulings on the jurisdictional issues must be accepted unless they are clearly erroneous. *See Bruce v. United States,* 759 F.2d 755, 758 (9th Cir.1985).

## IV.

## ANALYSIS

■ The district court dismissed Dweck's complaint, ruling that the assignment of the breach of contract claims "was collusive, sham, and improper and made for the sole purpose of creating diversity jurisdiction." A party may not create diversity jurisdiction by the use of an improper or collusive assignment. *See* 28 U.S.C. § 1359

(1982). The party asserting jurisdiction has the burden of proof. *See, e.g., Aetna Cas. & Sur. Co. v. Hillman,* 796 F.2d 770, 775 (5th Cir.1986); *Bradbury v. Dennis,* 310 F.2d 73, 74 (10th Cir.1962), *cert. denied,* 372 U.S. 928, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963).

■ The facts in this case are similar to those involving assignments between parent and subsidiary corporations. This court has held that assignments between parent and subsidiary corporations "are presumptively ineffective to create diversity jurisdiction." *Simpson v. Alaska State Comm'n for Human Rights,* 608 F.2d 1171, 1174 (9th Cir.1979). Unless there is a legitimate business reason which justifies such an assignment, it cannot create diversity jurisdiction. *See, e.g., Prudential Oil Corp. v. Phillips Petroleum Co.,* 546 F.2d 469, 476 (2d Cir.1976); *Green & White Constr. Co. v. Cormat Constr. Co.,* 361 F.Supp. 125, 127 (N.D.Ill.1973).

■ We think it proper that this presumption should be applied to assignments between corporations and its officers or directors. Otherwise, any employee or officer of a corporation could sue based on an assignment from a corporation. Section 1359 was designed to prevent parties from channelling a "vast quantity of ordinary contract and tort litigation ... into the federal courts...." *Kramer v. Carribean Mills, Inc.,* 394 U.S. 823, 828–29, 89 S.Ct. 1487, 1490–91, 23 L.Ed.2d 9 (1969). Permitting corporations to assign their claims to corporate officers or directors, without requiring that this presumption be overcome, could lead to just such a result.

Courts addressing somewhat similar situations have employed this approach. For example, in *Blythe Indus., Inc. v. Puerto Rico Aqueduct & Sewer Auth.,* 573 F.Supp. 563 (D.P.R.1983), two corporations, Blythe Industries and Vanguard Constructions Corporation, as joint-venturers, owned Blythe–Vanguard Construction Corporation. This corporation was formed for the sole purpose of performing construction for the Puerto Rico Aqueduct & Sewer Authority. A dispute arose between Blythe–Vanguard and the Authority. Seven months before suit was filed, Blythe–Vanguard assigned its claims to its owners.

Because no legitimate reason for the transfer was demonstrated, the court found the assignment by the corporation to its owners collusive. *Id.* at 564.

Similarly, in *Syms v. Castleton Indus., Inc.*, 470 F.2d 1078, 1079 (5th Cir.1972), a family trust, with mother and son acting as trustees, invested a large sum of money with the defendants. Defendants failed to pay federal income tax on profits for the investment. Mother and all the trust members assigned their interest in the action against the defendants to her son. No consideration was given for the assignments and the son admitted that any recovery would be shared with all members of the trust. *Id.* at 1081–82. The court concluded that the assignment was collusive and dismissed the action. The court relied on the lack of consideration for the transfer and noted that the assignors effectively retained an interest in the proceeds. *Id.* at 1082. Once more the assignee failed to carry the burden of establishing genuine diversity.

The same must be said in this case. The assignment was not supported by consideration. *See* 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3639, at 109 (2d ed. 1985). This distinguishes cases like *Bradbury v. Dennis*, 310 F.2d 73 (10th Cir.1962), *cert. denied*, 372 U.S. 928, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963), on which Dweck relies. The assignment in this case also failed to include provisions that expressly disavowed any continuing interest in the litigation or its proceeds on the part of the assignor. Courts have relied on these provisions to support a finding that the assignment did not violate § 1359. *See, e.g., R.C. Hedreen Co. v. Crow Tribal Hous. Auth.*, 521 F.Supp. 599, 607 (D.Mont.1981); *Nagle v. LaSalle Nat'l Bank*, 472 F.Supp. 1185, 1190 (N.D.Ill.1979). Finally, Dweck did not explain his failure to produce any documentary evidence of the agreement with either Chu or RGA.

Dweck attempts to leap over the collusion barrier by insisting that his agreement with Chu made him the real party in interest in this transaction and that therefore the assignment merely memorialized the true relationship of the parties. *See Bonnet v. Trustees of Schools*, 563 F.2d 831, 833–34 (7th Cir.1977); *Transcontinental Oil Corp. v. Trenton Prods. Co.*, 560 F.2d 94, 103, 110 n. 10 (2d Cir.1977).

The district court did not accept this representation of the facts. We cannot say its finding is clearly erroneous. The contract with Japan CBM was signed by Dweck as an officer of RGA, not in his individual capacity. Thus RGA, on the face of contract, was the real party in interest. *See, e.g., Bradbury*, 310 F.2d at 74; *Edlow Int'l Co. v. Nuklearna Elektrarna Krsko*, 441 F.Supp. 827, 830–31 (D.D.C.1977). Only Dweck's unsupported assertion to the contrary appears on the record.

In sum, we believe that Dweck has failed to carry his burden to establish the existence of diversity jurisdiction. Because of this, we need not reach CBM's further contention that the district court properly dismissed the action as *forum non conveniens*.

AFFIRMED.