919 F.2d 144
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Mary DONNELLY, heir of Pearl Little Estate; et. al.,
Plaintiffs-Appellants,
v.
UNITED STATES DEPARTMENT OF THE INTERIOR, Bureau of Indian
Affairs, et al., Defendants-Appellees,
 No. 89-35787.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 27, 1990.*
Decided Nov. 29, 1990.
 Before: WALLACE, DAVID R. THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mary Donnelly and Mary Goldstein ("Donnelly") appeal from the judgment dismissing their action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990); Mt. Adams Veneer Co. v. United States, 896 F.2d 339, 341 (9th Cir.1990), and affirm.[1]
 
 
 3
 In the complaint, Donnelly, an heir to the Estate of Pearl Little, sought an injunction against the federal government to stop "the removal of my familys [sic] human remains" and development on the property at issue. She also requested that the government return the "ancestral estate" to her, and asked for the "correction of BIA records." The district court found "nothing in the underlying actions that would support any valid claim," and dismissed the action for failure to state a claim.
 
 
 4
 Donnelly has neither alleged any facts nor provided any evidence that the real property in question is owned by the United States or that the property has any federal protection. The land is not Indian Trust property, nor is it located on an Indian Reservation. The Department of the Interior has no role to play in the probate of nontrust, unrestricted property. Cf. 25 U.S.C. Secs. 372-73 (statutory provisions governing inheritance and distribution of trust and restricted property). In fact, the Pearl Little Estate, including the San Juan Island property in question, has already been probated in the Washington state courts.
 
 
 5
 Donnelly also argues that the Bureau of Indian Affairs (BIA) wrongfully or negligently determined that Bert Squiqui was Pearl Little's next of kin, thus causing him to be named administrator of the estate. As a result, she asks for a "correction" of the BIA records. The BIA, however, has made no determination concerning the heirs or administrator of Pearl Little's estate, nor has it engaged in any proceedings on the matter. Thus, there is no legal theory upon which the district court can order the BIA to change its records.[2]
 
 
 6
 Finally, Donnelly asserts that the federal government deprived her of equal protection under the constitution and violated 42 U.S.C. Sec. 1983. Donnelly has failed to identify any governmental classification drawn by the actions of the BIA or Department of the Interior. High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 570-71 (9th Cir.1990). Thus, Donnelly has failed to state a valid equal protection claim under the fifth amendment. See id.
 
 
 7
 Moreover, Donnelly cannot sustain an action under section 1983 because there are no facts that any federal official committed a wrongful action under color of state law. See Balistreri, 901 F.2d at 699.
 
 
 8
 Donnelly has not stated any claim against the federal government that would entitle her to relief. Because Donnelly failed to carry her burden to establish existence of subject matter jurisdiction, the district court did not err in dismissing the action. See Dweck, 877 F.2d at 1292.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court order observed that "all documents filed in support and in opposition" of the government's motion were considered. Therefore, the dismissal should be treated as one for summary judgment. See Fed.R.Civ.P. 12(b); Grove v. Mead School Dist. No. 354, 753 F.2d 1528, 1533 (9th Cir.1985) (when the district court looks beyond the pleadings in evaluating a Rule 12(b)(6) motion to dismiss, the motion must be treated as one for summary judgment under Rule 56). Nevertheless, we affirm the district court's decision because Donnelly did not carry her burden of establishing the existence of subject matter jurisdiction. See Dweck v. Japan CBM Corp., 877 F.2d 790, 792 (9th Cir.1989). Thus, Donnelly raised no genuine issue of material fact. See Fed.R.Civ.P. 56(c)
 
 
 [2]
 It is unclear whether any of the BIA documents were relied upon in any state court decision