[No. 3793–II.   Division Two.   February 6, 1981.]

EARL CASHAR, *Appellant,* v. ARTHUR REDFORD,
ET AL, *Respondents.*

*Merrifield B. Rees,* for appellant.

*Ronald B. Leighton,* for respondents.

PEARSON, J.—Earl Cashar brought this action against Arthur Redford, doing business as Redford Sewer Services (an unincorporated proprietorship), seeking to collect on a debt owed him by Merritt Nelson Sewer D'Rooter, Inc., a Washington corporation. The sole issue on appeal is whether defendant, who had previously purchased substantially all of the business assets of Merritt Nelson Sewer D'Rooter, Inc., can be held liable for that debt owed to plaintiff. Finding no applicable exception, we apply the general rule that a company purchasing substantially all of the assets of another company is not liable for the unassumed debts and obligations of that company. Redford never assumed the debt owed to plaintiff. Accordingly, we affirm the trial court's order granting defendant summary judgment.

The facts of this case are not in dispute. In 1971, John Pielak purchased from Merritt Nelson all of the stock in Merritt Nelson Sewer D'Rooter, Inc. (MN, Inc.) under a written agreement. In 1972, Pielak, acting as president of MN, Inc., leased certain real property from plaintiff to use in the operation of the business. The length of the lease was 3 years. After less than 2 years, Pielak abandoned the premises and defaulted on MN, Inc.'s lease payments. In May 1976, plaintiff obtained a judgment against MN, Inc., for the amount owed on the lease.

In November 1974, defendant entered into a sales contract with Pielak to purchase substantially all of MN, Inc.'s business assets, including certain vehicles, equipment, inventory, customer lists, accounts, and the trade name, Merritt Nelson Sewer D'Rooter. This contract detailed precisely which assets MN, Inc., was selling and how the purchase price was to be allocated among those assets. It further detailed which debts of MN, Inc., defendant was to assume payment for, and which debts were to remain the

responsibility of MN, Inc. Among the debts MN, Inc., represented it would satisfy was that owed to plaintiff under the real estate lease. The sales contract also contained a contract employing Pielak to operate full time that portion of Redford's business to be known as Merritt Nelson Sewer D'Rooter.

Pielak subsequently defaulted under the terms of the sales contract. In June 1975, Redford and Pielak entered into an amendment to the original sales contract, acknowledging the default, and an agreement terminating Pielak's employment contract. As part of the consideration for the amended contract and the employment termination agreement, Redford promised to pay the money Pielak owed to Merritt Nelson on the original stock purchase agreement, which Pielak had failed to pay.

For whatever reasons, plaintiff was unable to satisfy his judgment against MN, Inc., still solely owned by John Pielak. He instituted this action against Redford alleging that as purchaser of most of MN, Inc.'s assets, defendant was a successor in interest to MN, Inc., and thus was liable for all its debts. The trial court granted summary judgment in favor of Redford. This appeal ensued.

Washington courts have adopted the general rule prevailing in most jurisdictions that where one company sells all its assets to another company for a fair consideration, the purchaser is not liable for the debts and obligations of the seller, except where: (1) there is an agreement, express or implied, to assume the other company's debts or obligations; (2) the circumstances warrant a finding that there has been a consolidation or merger of the companies; (3) the transaction works a fraud on the creditors of the seller; or (4) the purchasing company is a mere continuation of the selling company. *Bowyer v. Boss Tweed–Clipper Gold Mines, Inc.*, 195 Wash. 25, 40, 79 P.2d 713 (1938). *See* 15 W. Fletcher, *Private Corporations* § 7122 (rev. ed. 1973); 19 Am. Jur. 2d *Corporations* § 1546 (1965). Plaintiff does not argue that there was an agreement, express or implied, for Redford to assume the obligation owed him by MN,

Inc., or that the sales contract with Redford worked a fraud on MN, Inc.'s creditors. Indeed, the documentary evidence would not support such claims. Accordingly, the issue becomes whether the transaction between Redford and MN, Inc., falls within one of the two remaining exceptions to the general rule articulated above.

Plaintiff first argues that defendant's purchase of the assets amounts to a "mere continuation" of MN, Inc. While there are no recent Washington cases addressing this issue, there are numerous cases from other jurisdictions from which to draw guidance.

■■ One crucial factor in a "continuation" is a common identity of the officers, directors, and stockholders in the selling and purchasing companies. *Leannais v. Cincinnati, Inc.*, 565 F.2d 437 (7th Cir. 1977); *Armour–Dial, Inc. v. Alkar Eng'r Corp.*, 469 F. Supp. 1193 (E.D. Wis. 1979).

> The mere fact that the purchaser continues the operations of the seller does not of itself render the purchaser liable for the obligations of the seller; in order to impose liability on the purchaser, it must be shown that the purchaser represents "merely a 'new hat' for the seller." *McKee v. Harris–Seybold Co.,* [109 N.J. Super. 555, 570, 264 A.2d 98, 106 (1970).]

*Armour–Dial, Inc. v. Alkar Eng'r Corp., supra* at 1201. Retaining a trade name and purchasing good will also do not provide sufficient reason for holding a successor liable. *Woody v. Combustion Eng'r, Inc.*, 463 F. Supp. 817 (E.D. Tenn. 1978) (successor corporation not held liable for injuries caused by a product manufactured by a predecessor). There was no identity of management or ownership between Redford Sewer Services and MN, Inc. The postsale relationship between defendant and Pielak was strictly one of employer/employee. After the sale, Pielak remained the owner of all the stock in MN, Inc.; defendant remained the sole owner of Redford Sewer Services.

■ Another factor in a "continuation" is the sufficiency of the consideration running to the seller corporation in light of the assets being sold. *Ortiz v. South Bend Lathe,* 46

Cal. App. 3d 842, 120 Cal. Rptr. 556 (1975). The original sales contract between Redford and MN, Inc., specified how the total contract price was to be allocated among the assets sold. Plaintiff does not allege that the consideration was insufficient. We reject plaintiff's argument that Redford Sewer Services was a "mere continuation" of MN, Inc.

■ Second, plaintiff argues that defendant's purchase of the assets amounted to a merger or consolidation of the two businesses. A merger or consolidation occurs when there is a union between two or more corporations such as to result in the absorption of one by the other, or the creation of a new corporation. *See* 15 W. Fletcher, *supra* at § 7041. RCW 23A.20 prescribes the statutory procedures that corporations must follow to effectuate such unions. Clearly, there was no statutory consolidation or merger between Redford Sewer Services and MN, Inc. *See* RCW 23A.20.010; RCW 23A.20.020. Nor was there a de facto consolidation or merger. In addition to other requirements (*see* 15 W. Fletcher, *supra* at § 7155; 19 Am. Jur. 2d, *supra* at § 1502), such a union can only be found when the consideration given to the selling corporation for its assets is shares of the purchasing corporation's stock, rather than cash. The rationale behind this requirement is that liability should be imposed on the purchaser only in cases where the seller's stockholders (here Mr. Pielak) retain an ownership interest in the business operations. *Armour–Dial, Inc. v. Alkar Eng'r Corp., supra.* Redford Sewer Services was an unincorporated business, and as such had no shares of stock to give to Pielak. More importantly, Redford purchased the assets of MN, Inc., with cash. Pielak, upon sale of the assets, acquired no ownership interest in Redford Sewer Services. Although defendant assumed Pielak's obligation of paying Merritt Nelson for the MN, Inc., stock, he never acquired actual ownership of the stock. *Cf. Deers, Inc. v. DeRuyter,* 9 Wn. App. 240, 511 P.2d 1379 (1973).

We affirm the trial court.

Petrie, A.C.J., and Petrich, J., concur.