92 P.3d 278 (2004)
121 Wash.App. 941
David COULSON, a single person, Appellant,
v.
HUNTSMAN PACKAGING PRODUCTS INC., a Washington corporation; Pliant Corporation, a foreign corporation, Respondents, and
John Does I and II, Defendants.
No. 52829-7-I.
Court of Appeals of Washington, Division 1.
June 14, 2004.
*279 Stephen C. Haskell, Michael J. Delay, Attorneys at Law, Spokane, WA, for Appellant.
Gregory G. Wallace, O'Brien Hutson & Boe, Seattle, WA, for Respondents.
GROSSE, J.
One who does not possess land owes no duty of care to prevent an unreasonable risk of harm arising from the condition of trees on the land near a public way. Here, appellant David Coulson failed to present sufficient evidence showing that respondents possessed a planting strip owned by the City of Kent. Consequently, the trial court did not err in concluding that respondents did not owe Coulson a duty of care as to the condition of a tree on the planting strip. We affirm.

FACTS
This case arises from an automobile accident in Kent, Washington. Coulson did not obey a stop sign at the intersection of 80th Avenue South and 192nd Street. As a result, he collided with a tractor-trailer in the intersection. Coulson sued respondents Pliant Corporation and Huntsman Packaging Products, Inc. (collectively, Pliant) for negligence in failing to maintain a nearby tree so as to keep its limbs from obstructing his view of the stop sign.
Pliant owns and operates a manufacturing facility near the southeast corner of the intersection, but its property does not directly abut the streets that form the intersection. In fact, the city owns a narrow strip of land, commonly known as a planting strip, between the streets and Pliant's property line. The tree that obstructed Coulson's view of the stop sign was on the planting strip that abuts 80th Avenue South. Pliant moved for summary judgment on the legal ground that it did not owe Coulson a duty of care because it did not own the planting strip.
Coulson argued in opposition that although Pliant did not own the planting strip, its conduct toward the planting strip was sufficient to show possession. Further, Coulson argued that, because Pliant possessed the planting strip, it owed a duty of care pertaining to the condition of trees near a public waya duty that the Restatement (Second) of Torts has recognized, but one that no Washington court has had occasion to recognize.
The trial court granted the motion for summary judgment after concluding that Pliant did not owe Coulson a duty of care.

DECISION
To establish a common law negligence claim, Coulson must establish four elements: "(1) the existence of a duty ...; (2) breach of that duty; (3) resulting injury; and (4) proximate cause between the breach and *280 the injury."[1] The issue here is whether Pliant owed a duty of care to keep trees on the planting strip from posing an unreasonable risk of harm to a traveler using the adjacent intersection. Whether a defendant owes such a duty is a question of law, which we review de novo.[2]
While several Washington cases have recognized a similar duty involving conditions created by an owner or occupier of land,[3] it appears that no case has addressed whether such a duty exists with respect to natural conditions in general, or to trees in particular.[4] Consequently, Coulson urges the court to adopt the Restatement (Second) of Torts section 363(2) (1965) into our common law.[5] Section 363(2) provides:
A possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway.[6]
But before we adopt a rule of law in a case where it may not apply, we first analyze whether Pliant was indeed a "possessor" of the planting strip within the meaning of the Restatement.
As used in Section 363, the term "possessor of land" is defined as:
(a) a person who is in occupation of the land with intent to control it or
(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).[7]
Unlike the rule in Section 363, Washington courts long ago adopted the Restatement's definition of "possessor of land."[8]
The fact that Pliant does not own the planting strip is irrelevant to our analysis. As the comment to Section 328E states:
"Possession" has been given various meanings in the law, and the term frequently is used to denote the legal relations resulting from facts, rather than in the sense of describing the facts themselves. It is used here strictly in the factual sense, because it has been so used in almost all tort cases.
The important thing in the law of torts is the possession, and not whether it is or is not rightful as between the possessor and some third person. Thus a disseisor is a possessor from the moment that his occupation begins, although as between the disseisor and the true owner he is not legally entitled to possession until his adverse possession has ripened through lapse of time into ownership.
Indeed, we have recognized the general rule that, "one who assumes to be the owner of real property, and who, as such, assumes to control and manage it, cannot escape liability for injuries resulting from its defective condition by showing want of title in himself."[9]
Several cases have addressed the issue of whether a particular defendant possessed land. For instance, in Strong v. Seattle Stevedore *281 Co. this court held that a company that rented and operated a crane that was part of a pier was a "possessor" of that pier.[10] But it appears that only one Washington case, Hoffstatter v. City of Seattle,[11] involved facts that are at all analogous to the facts presented here.
In Hoffstatter, a pedestrian sued a business owner and a landlord for negligence based on injuries she sustained after she tripped on uneven bricks set in a parking strip, another name for a "planting strip."[12] We held that the business owner had a duty of care in connection with the parking strip based on his use of the sidewalk to display his wares, which we analogized to the "special use" at issue in Stone v. Seattle and similar cases.[13] In contrast, we held that the landlord in Hoffstatter owed no duty of care because the mere fact that he occasionally replaced a dislodged brick in the parking strip did not constitute a special use.[14]
When analyzing the issue of the landlord's duty in Hoffstatter, we found the California case of Contreras v. Anderson[15] to be persuasive. As in Hoffstatter, the plaintiff in Contreras asserted a claim against adjacent landowners for injuries suffered when she fell on a bricked portion of a planting strip.[16] The landowners admitted that they trimmed a tree on the planting strip about twice a year and swept fallen leaves off the brick path on a regular basis.[17] The landowners' housekeeper also swept the brick path twice a week.[18] Furthermore, the plaintiff presented evidence that one of the landowners had "gardened" in the planting strip.[19]
The Contreras court distinguished its case from three cases in which defendants
took affirmative action to preclude or limit the adjoining landowner's control of, or ability to control, its own property such that it is fair and reasonable to hold the defendant (whether solely or jointly with the neighbor) responsible for injuries that may occur on the adjacent property. The conduct of the defendant landowners in each of those cases was also a `notorious and open public display of control' over adjacent property, such that members of the general public might reasonably rely on the apparent owner to warn or protect them from known hazards thereon.[20]
Ultimately, the Contreras court concluded that the landowners' conduct constituted nothing more than "minimal, neighborly maintenance," which was insufficient to raise a triable issue of fact whether the landowners controlled the planting strip.[21]
Here, Coulson presented evidence showing that when the accident occurred, and for more than a decade prior, Pliant had contracted with a landscaper to maintain the property surrounding their facility, including the planting strip. Pliant admits that "the contract called for weekly policing of litter and debris, weekly lawn mowing during the mowing season, and pruning of `all shrubs and plant material' as appropriate."[22] Furthermore, Coulson presented the deposition testimony of Harold Gilmore, Pliant's plant *282 manager, who stated that he would "inspect[] the grounds from time to time," and that he occasionally directed the landscaper in the performance of his duties.
Coulson argues that this long-standing, frequent, and regular activity with respect to the planting strip established that Pliant "occupied the property in question to the exclusion of all others ... and in fact treated the property as their own for all purposes...."[23] We disagree.
Even more than in Hoffstatter, we find Contreras to be analogous and persuasive here. As in Contreras, the evidence here shows that the defendant engaged in regular and frequent maintenance of a planting strip over many years. But as in Contreras, what is missing here is any conduct by Pliant that manifested its intent to control the planting strip to the detriment or exclusion of the City of Kent or any member of the public; that is, conduct that would make it fair and reasonable to hold Pliant liable. Rather, the evidence shows that Pliant's conduct was nothing more than "neighborly maintenance" like that in Hoffstatter and Contreras. Consequently, we hold that Pliant did not possess the planting strip.[24]
Because the trial court did not err in dismissing Coulson's suit for failure to establish a duty of care, we affirm.
APPELWICK and KENNEDY, JJ., concur.
NOTES
[1] Hutchins v. 1001 Fourth Ave. Assocs., 116 Wash.2d 217, 220, 802 P.2d 1360 (1991).
[2] Pedroza v. Bryant, 101 Wash.2d 226, 228, 677 P.2d 166 (1984).
[3] See, e.g., Stone v. City of Seattle, 64 Wash.2d 166, 170, 391 P.2d 179 (1964) (one in control of property, who uses an abutting sidewalk as a driveway for vehicles, has a duty of reasonable care to not create conditions rendering the sidewalk unsafe for pedestrians).
[4] See generally 6A Washington Practice: Washington Pattern Jury InstructionsCivil 135.01 cmt. at 46-47 (4th ed.2002).
[5] Coulson has explicitly abandoned his argument that Pliant also owed a statutory duty of care.
[6] Subsection (2) is an exception to the general rule set forth in Subsection (1) that no liability can result from harm caused to those outside of the land by a natural condition of the land. Restatement (Second) of Torts § 363 cmt. e (1965).
[7] Restatement (Second) of Torts § 328E (1965).
[8] Strong v. Seattle Stevedore Co., 1 Wash.App. 898, 900-01, 466 P.2d 545 (1970).
[9] Fitchett v. Buchanan, 2 Wash.App. 965, 972, 472 P.2d 623 (1970).
[10] Strong, 1 Wash.App. at 901, 466 P.2d 545.
[11] Hoffstatter v. City of Seattle, 105 Wash.App. 596, 20 P.3d 1003 (2001).
[12] Hoffstatter, 105 Wash.App. at 598, 20 P.3d 1003.
[13] Hoffstatter, 105 Wash.App. at 602, 20 P.3d 1003.
[14] Hoffstatter, 105 Wash.App. at 603, 20 P.3d 1003.
[15] Contreras v. Anderson, 59 Cal.App.4th 188, 69 Cal.Rptr.2d 69 (1997).
[16] Contreras, 69 Cal.Rptr.2d at 70.
[17] Contreras, 69 Cal.Rptr.2d at 71.
[18] Contreras, 69 Cal.Rptr.2d at 71.
[19] Contreras, 69 Cal.Rptr.2d at 71.
[20] Contreras, 69 Cal.Rptr.2d at 76 (distinguishing Alcaraz v. Vece, 14 Cal.4th 1149, 60 Cal.Rptr.2d 448, 929 P.2d 1239 (1997) (defendant constructed fence that enclosed city-owned strip of land), Husovsky v. United States, 590 F.2d 944 (D.C.Cir.1978) (defendant and landowner agreed to place and maintain defendant's insignia on the land), and Orthmann v. Apple River Campground, Inc., 757 F.2d 909 (7th Cir.1985) (defendant cut down tree on adjacent property it did not own)).
[21] Contreras, 69 Cal.Rptr.2d at 77.
[22] Respondent's Brief at 3 n. 4.
[23] Based on additional deposition testimony from Harold Gilmore, Coulson also argues that Pliant dramatically displayed its control over the planting strip after the accident occurred. Appellant's Brief at 11-13. But because Coulson presented this testimony for the first time in his motion for reconsideration, and he did so without showing that it was unavailable when he first opposed Pliant's motion for summary judgment, the testimony was not properly before the trial court and we will not consider it. CR 59(a)(4); In re Marriage of Tomsovic, 118 Wash.App. 96, 108-09, 74 P.3d 692 (2003).
[24] In light of our holding we have no cause to decide whether to adopt the rule set forth in the Restatement (Second) of Torts § 363(2).