[No. 81003-6.   En Banc.]
Argued February 10, 2009.     Decided June 18, 2009.

CAMBRIDGE TOWNHOMES, LLC, ET AL., *Respondents*, v. PACIFIC STAR ROOFING, INC., ET AL., *Petitioners*, 4 BEES SIDING, INC., ET AL., *Defendants*, GERALD UTLEY, *Petitioner/Intervenor*.

476

*Eileen I. McKillop* (of *Oles Morrison Rinker & Baker, LLP*) and *Mark A. Clausen* (of *Clausen Law Firm, PLLC*), for petitioners.

*Jerret E. Sale* and *Deborah L. Carstens* (of *Bullivant Houser Bailey, PC*) and *Gregory P. Turner* (of *Lee Smart, PS, Inc.*), for respondents.

¶1 STEPHENS, J. — Respondents Cambridge Townhomes, LLC, a developer, and Polygon Northwest Company (Poly-

gon),[1] a general contractor, were involved in a townhome condominium development project between 1997 and mid-2000. During construction, Polygon entered into a subcontract with intervenor Gerald Utley, who did business as P.J. Interprize during the time Polygon originally contracted with him. Utley subsequently incorporated P.J. Interprize, Inc. (P.J. Inc.) and signed a new contract with Polygon under the incorporated name.[2] In early 2003, after the condominium project was substantially completed, the Cambridge Townhomes Homeowner's Association (Association) notified Polygon of several construction defects. Polygon settled with the Association and then in March 2004 filed suit for breach of contract and indemnification against various subcontractors, including P.J. Inc. Polygon did not file against Utley's sole proprietorship. Utley had filed for chapter 7 bankruptcy in February 2004. Polygon's claims against P.J. Inc. proceeded to a summary judgment hearing. After denying Polygon's motion to amend its complaint to include Utley, the trial court granted summary judgment in favor of P.J. Inc., dismissing Polygon's claims with prejudice. Polygon appealed, and the Court of Appeals reversed.

¶2 We affirm the Court of Appeals. We hold that P.J. Inc. may be liable for the sole proprietorship's construction defects under a theory of successor liability; that Polygon's breach of contract claim against the sole proprietorship is not time-barred; that the trial court erred when it denied Polygon's motion to amend its complaint; and that Polygon's claim for indemnity from P.J. Inc. was within the scope of the parties' contractual indemnity clause.

## FACTS AND PROCEDURAL HISTORY

¶3 In approximately 1997, Cambridge and Polygon began work on a condominium development. The develop-

---

[1] This opinion refers to the respondents collectively as "Polygon" unless the facts necessitate specific mention of "Cambridge."

[2] Another subcontractor, Pacific Star Roofing, Inc., is also captioned as a petitioner. Pacific Star did not file any briefing with this court, and P.J. Inc. does not purport to be acting on its behalf.

ment was set to be constructed in three phases between 1997 and mid-2000, consisting of 40 multiunit buildings.

¶4 In August 1998, Polygon subcontracted with Gerald Utley, a sole proprietor doing business as P.J. Interprize, to install vinyl siding and trim on phase II of the project. In November 1998, the sole proprietorship's work on phase II was completed. On October 1, 1999, a temporary certificate of occupancy for phase II was issued.

¶5 Meanwhile, in January 1999, Utley incorporated his business as P.J. Inc. In April 1999, Polygon entered into a subcontract with P.J. Inc. for phase III of the project. This subcontract also included an indemnity agreement.

¶6 In early 2003, the Association notified Polygon of construction defects in the condominium development. In November 2003, Polygon and the Association agreed to settle conditioned upon funding.

¶7 In February 2004, Utley and his wife jointly filed for personal bankruptcy in the United States Bankruptcy Court for the Western District of Washington. In response to a request on the bankruptcy form to list all trade names used in the last six years, Utley listed P.J. Inc. Utley also listed the nature of his debts as business related. He named Cambridge as one of the numerous creditors to whom he owed money.

¶8 In March 2004, Polygon filed suit against the subcontractors involved in the condominium development, including P.J. Inc. Polygon asserted claims for breach of contract and indemnification. Polygon sued P.J. Inc. in its corporate capacity but did not list Utley or the sole proprietorship in its complaint.

¶9 In May 2004, Polygon filed a motion in the bankruptcy court to allow it to pursue claims against Utley in his capacity as a sole proprietor to the extent insurance assets were available. The court granted the motion, allowing Polygon to proceed in this action against Utley "for the purpose of pursuing any insurance proceeds that are the result of any insurance coverage the Debtor may possess." Clerk's Papers (CP) at 1210.

¶10 In June 2004, the bankruptcy court issued a chapter 7 discharge order for Utley.

¶11 Meanwhile, the case against the subcontractors proceeded to summary judgment. In May 2005, the trial court dismissed the indemnity claims against all the subcontractors, including P.J. Inc., granting summary judgment in their favor. In October 2005, the trial court ruled that the bankruptcy discharge barred Polygon from pursuing claims against P.J. Inc. under a theory of successor liability for Utley's work as a sole proprietor. The court also denied Polygon's request to amend its complaint to add Utley as a defendant in his capacity as a sole proprietor. In November 2005, Polygon filed a separate suit against the sole proprietorship. That same month, the court dismissed Polygon's breach of contract claims.

¶12 Polygon appealed. The Court of Appeals reversed, holding that P.J. Inc. could be held liable under a theory of successor liability for Utley's actions as a sole proprietor and that the bankruptcy discharge did not bar Polygon's claims against the sole proprietorship. *Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc.*, No. 57328-4-I, 2007 WL 1666653, at *3-6, 2007 Wash. App. LEXIS 1487, at *10-15. The Court of Appeals also reversed the trial court's order denying Polygon's motion to amend its complaint to name Utley. P.J. Inc. petitioned this court for review, which we granted. We also granted Utley leave to intervene on behalf of the sole proprietorship.

## ANALYSIS

¶13 Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56. Our review is de novo.

### A. Successor Liability

¶14 Washington adheres to the general rule that a corporation purchasing the assets of another corporation

does not become liable for the debts and liabilities of the selling corporation. *Hall v. Armstrong Cork, Inc.*, 103 Wn.2d 258, 261-62, 692 P.2d 787 (1984). An exception to this rule may exist, however, where (1) there is an express or implied agreement for the purchaser to assume liability; "(2) the purchase is a de facto merger or consolidation; (3) the purchaser is a mere continuation of the seller; or (4) the transfer of assets is for the fraudulent purpose of escaping liability." *Id.* at 262.

¶15 The parties here focus on "mere continuation" as the relevant exception. Washington courts rely on several factors to determine whether a successor business is a mere continuation of a seller. *Cashar v. Redford*, 28 Wn. App. 394, 397, 624 P.2d 194 (1981). These include a common identity between the officers, directors, and stockholders of the selling and purchasing companies, and the sufficiency of the consideration running to the seller corporation in light of the assets being sold. *Id.* In considering these factors, the objective of the court is to discern whether the "purchaser represents 'merely a "new hat" for the seller.' " *Id.* (quoting *McKee v. Harris-Seybold Co.*, 109 N.J. Super. 555, 570, 264 A.2d 98 (1970)).

¶16 The Court of Appeals framed the issue here as one of first impression because instead of one corporation becoming a new corporation, we have a sole proprietorship becoming a corporation. *Cambridge*, 2007 WL 1666653, at *4, 2007 Wash. App. LEXIS 1487, at *12-13. But, as the Court of Appeals also noted, we have previously recognized in "reviewing the history of the mere continuation exception . . . that the exception was first expanded by a federal court when it found a corporation to be a mere continuation of a predecessor sole proprietorship." *Id.* (citing *Martin v. Abbot Labs.*, 102 Wn.2d 581, 611, 689 P.2d 368 (1984)). The particular form of the business entity should not be determinative.

¶17 The successor liability doctrine is a common law rule, and the principle it embraces is not linked to statutes or laws governing corporate entities. Though there is no

continuation of officers, directors, or shareholders where a sole proprietorship is involved, we can consider the continuity of individuals in control of the business as satisfying this factor, which at any rate is not a rigid requirement for finding successor liability. Thus, we reject P.J. Inc.'s argument that as a matter of law, a corporation cannot be a mere continuation of a predecessor sole proprietorship.

¶18 Here, the undisputed facts show that P.J. Inc. is a mere continuation of the sole proprietorship. The business performed by P.J. Interprize and P.J. Inc. is the same. The same individual, Utley, was at the helm of both entities. The clients, at least in the case of Polygon, remained the same. There is no issue of sufficient consideration in this case because there was no sale of assets. Utley simply chose to incorporate his business. In sum, P.J. Inc. merely represented a new hat for the sole proprietorship.[3] We therefore hold that P.J. Inc. assumed the sole proprietorship's liabilities under a theory of successor liability, subject to the limitations on recovery imposed by the bankruptcy court.

### B. Amendment of Polygon's Complaint

¶19 After the trial court ruled that Polygon could not proceed against P.J. Inc. for work performed by the sole proprietorship, Polygon moved to amend the complaint to include Utley, the sole proprietor, as a defendant. The court denied the motion, reasoning it was not timely brought. Report of Proceedings (Nov. 22, 2005) at 19-20. To this reasoning, P.J. Inc. adds the argument that any amendment would be futile because a claim against the sole proprietorship is time-barred by statute. Pet. for Review at 14-15.

¶20 The decision to grant or deny leave to amend is within the discretion of the trial court. *Wilson v. Horsley*,

---

[3] P.J. Inc. argues that Utley's bankruptcy discharge precluded P.J. Inc.'s liability as a successor to P.J. Interprize. We disagree. While the bankruptcy discharge may limit the assets available to Polygon for recovery pursuant to the terms imposed by the bankruptcy court, it does not prevent the imposition of liability under a successor liability theory. The Court of Appeals correctly observed that the effect of the bankruptcy court's ruling was to limit recovery to the sole proprietorship's insurance assets.

137 Wn.2d 500, 505, 974 P.2d 316 (1999). We will not disturb the trial court's ruling unless it is manifestly unreasonable or was exercised on untenable grounds or for untenable reasons. *Id.* "The touchstone for the denial of a motion to amend is the prejudice such an amendment would cause to the nonmoving party. Factors which may be considered in determining whether permitting amendment would cause prejudice include undue delay, unfair surprise, and jury confusion." *Id.* at 505-06 (citation omitted). A trial court may also consider whether the amendment would be futile. *Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 142, 937 P.2d 154, 943 P.2d 1358 (1997).

¶21 Here, the trial court erred when it denied the amendment. Polygon submitted its motion to amend on November 4, 2005. Although the court was still reviewing the summary judgment claim, trial was set for December 5, 2005. The trial court noted that it denied the motion because it was concerned about delay due to discovery. While Polygon likely still had discovery it wished to conduct with Utley within the context of the summary judgment proceeding, the trial court's denial of the amendment was untenable. Utley was well-aware of the suit, and there would have been no unfair surprise to him as a result of the amendment. No party would have suffered prejudice by Utley being joined in the suit. The Court of Appeals correctly reversed the trial court's ruling denying the motion to amend.

¶22 P.J. Inc. argues that the denial was proper on other grounds, specifically that any claim against Utley was time-barred by statute and therefore amendment would have been futile. P.J. Inc. is incorrect. The time limit on a claim for a construction defect is governed by a statute of repose and a statute of limitation. " 'A statute of limitation bars plaintiff from bringing an already accrued claim after a specific period of time. A statute of repose terminates a right of action after a specified time, even if injury has not yet occurred.' " *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 574-75, 146 P.3d 423 (2006) (quoting *Rice v.*

*Dow Chem. Co.*, 124 Wn.2d 205, 211-12, 875 P.2d 1213 (1994)). In construction defect claims, RCW 4.16.310 is a statute of repose that terminates an action for construction defects that does not accrue within six years from the time of substantial completion of construction or termination of services, whichever is later. RCW 4.16.310. Under RCW 4.16.040, an action upon a contract in writing must be commenced within six years. Generally, a statute of limitation runs from the time a claim accrues; a claim accrues when a party has the right to apply to a court for relief, which may be at the time the claim is discovered. *1000 Va.*, 158 Wn.2d at 575-76.

¶23 But in July 2003, RCW 4.16.326(1)(g) went into effect, requiring that construction defect claims be *filed* within six years of substantial completion of construction or termination of services, whichever is later, *regardless of when the claim was discovered.* RCW 4.16.326(1)(g). The provision is not retroactive. *1000 Va.*, 158 Wn.2d at 587. As of July 2003, a claim must both accrue and be filed within six years of substantial completion or termination of services, whichever is later.

¶24 Construction on the condominium development here was substantially completed in October 1999. CP at 2276. Polygon became aware of the construction defects—that is, the claim accrued—in early 2003 when the Association notified Polygon of the defects. CP at 459. If RCW 4.16.326(1)(g) applies to Polygon's claim against the sole proprietorship, Polygon would have had to file against the sole proprietor by October of 2005 because that would have been six years from October 1999, the time of substantial completion of construction. Polygon filed against the sole proprietor in November of 2005. Utley's Pet. for Review at 5. On the other hand, if RCW 4.16.326(1)(g) does not apply retroactively, the time bar is governed solely by RCW 4.16.310 and RCW 4.16.040 and Polygon would merely need to file within six years from the time the claim accrued, so long as the claim accrued within six years from the date of substantial completion. Here, the claim did accrue within

six years of substantial completion, and Polygon filed against the sole proprietorship within six years of accrual. Under RCW 4.16.310 and RCW 4.16.040, therefore, Polygon's claims against the sole proprietorship would not be barred.

¶25 We held in *1000 Virginia* that RCW 4.16.326(1)(g) did not apply retroactively, where the construction project was substantially completed and the claim at issue accrued and was filed prior to the statute's effective date in July 2003. *1000 Va.*, 158 Wn.2d at 571-72. Here, substantial completion and accrual of the claim occurred before July 2003, but the claim was filed after the statute's effective date. This factual difference between this case and *1000 Virginia* does not dictate a different outcome in terms of retroactivity. In *1000 Virginia*, we rejected the retroactive application of RCW 4.16.326(1)(g) because it "would affect the plaintiffs' *accrued* causes of action arising from their contracts." 158 Wn.2d at 587 (emphasis added). Thus, for the purpose of applying RCW 4.16.326(1)(g), the operative date is when the claim *accrues*, not when it is filed.[4] Because accrual of the claim here predated the effective date of RCW 4.16.326(1)(g), its application in this instance would be retroactive and contrary to our precedent. We affirm the Court of Appeals and hold that because RCW 4.16.326(1)(g) does not bar Polygon's claims against the sole proprietorship, the amended complaint would not have been futile.

## C. Indemnity Clause

¶26 Pursuant to an indemnification clause in its subcontract with P.J. Inc., Polygon brought an indemnity claim against P.J. Inc. for the construction defects. Before the trial court, P.J. Inc. successfully argued that as a matter of law the contractual indemnification clause applies only to

---

[4] Under the rationale in *1000 Virginia*, the date of substantial completion of construction could also stand as the operative date from which to determine the statute's applicability. Here, that date also predated the effective date of RCW 4.16.326(1)(g).

damages arising from tort actions and not to the construction defects claimed by Polygon. CP at 149-53.[5]

¶27 We apply fundamental rules of contract construction when interpreting an indemnity provision. *Jones v. Strom Constr. Co.*, 84 Wn.2d 518, 520, 527 P.2d 1115 (1974). Words in a contract should be given their ordinary meaning. *Corbray v. Stevenson*, 98 Wn.2d 410, 415, 656 P.2d 473 (1982). Courts should not adopt a contract interpretation that renders a term ineffective or meaningless. *Wagner v. Wagner*, 95 Wn.2d 94, 101, 621 P.2d 1279 (1980).

¶28 P.J. Inc. claims the indemnity clause in the contract between it and Polygon is intended to encompass only tortious actions. This is not a reasonable reading. The first paragraph of the clause specifically states that the subcontractor shall indemnify the contractor " 'from *any and all* claims, demands, losses and liabilities to or by third parties arising from, resulting from, or connected with, *services performed* or to be performed' " under the contract by the subcontractors. Pet. for Review at 7 (emphasis added) (quoting language of contract). It defies the plain language of the contract to read this provision as restricting such claims to tortious acts. To support its assertion, P.J. Inc. points to the clause's limiting language in its additional paragraphs. The focus of the limiting language, however, is on situations in which the indemnitee is at fault, insofar as indemnification in such instances is contrary to statute. RCW 4.24.115. The use of negligence in this context does not undercut the broad indemnification duty as to " 'any and all claims, demands, losses and liabilities.' " Pet. for Review at 7 (quoting language of contract). Moreover, even if the limiting provisions of the contract using the word negligence were read to include only torts, this would favor Polygon because it would limit the "sole negligence" exception to tort claims, leaving other claims not even subject to the "sole negligence" limitation. *Id.* P.J. Inc.'s reading of the contract is unreasonable.

---

[5] On appeal, the parties also argued about the date the indemnity claim accrued. We decline to reach this argument as it was not before the trial court.

¶29 The Court of Appeals has concluded as much when reviewing an identical indemnity provision. *MacLean Townhomes, LLC v. Am. 1st Roofing & Builders, Inc.*, 133 Wn. App. 828, 832-33, 138 P.3d 155 (2006). P.J. Inc. argues that the decision in *MacLean* contravenes this court's ruling in *Jones*. P.J. Inc. claims that *Jones* rejected *MacLean*'s "broad" interpretation of a similar general indemnity clause. *Id.* But *Jones* is distinguishable from *MacLean* and this case. In *Jones*, a subcontractor's employee was injured on the job when a floor he was working on collapsed because the general contractor failed to properly shore up the floor. *Jones*, 84 Wn.2d at 519. The subcontractor's employee sued the general contractor for recovery, who in turn sought indemnification from the subcontractor, invoking an indemnification clause similar to the one at issue here. *Id.* But there, unlike here, the underlying claim giving rise to indemnification was caused by the general contractor's sole negligence. No such claim has been made here. We affirm the Court of Appeals and hold that the indemnification provision at issue here is not limited to tort actions.

## CONCLUSION

¶30 We hold that P.J. Inc. is a mere continuation of the sole proprietorship and thus subject to successor liability. We affirm the Court of Appeals' holding that the trial court abused its discretion in denying Polygon's motion to amend its complaint and further hold that there is no statutory time bar under RCW 4.16.326(1)(g) to Polygon's ability to pursue a claim against the sole proprietorship. We also affirm the Court of Appeals' holding that the indemnification provision at issue is not limited to tort actions.[6]

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

Reconsideration denied September 18, 2009.

---

[6] Intervenor Gerald Utley additionally argues that he was denied due process when the Court of Appeals decided various issues regarding his defenses without

[No. 80411-7.   En Banc.]
Argued October 28, 2008.      Decided June 25, 2009.

his participation. Specifically, Utley challenges the Court of Appeals' determination that (1) RCW 4.16.326(1)(g) does not bar a claim against him, (2) his bankruptcy status did not discharge the sole proprietorship's liabilities, and (3) the trial court improperly denied Polygon's motion to amend its complaint in order to include Utley. We need not address these issues in detail. We allowed Utley to intervene and he has had the opportunity to present his arguments to this court, so his due process concerns are moot. On the question of whether RCW 4.16.326(1)(g) applies to bar claims against Utley's sole proprietorship, Utley presents substantially the same argument as P.J. Inc., i.e., that claims *filed* after the effective date of RCW 4.16.326(1)(g) are subject to the statute. For reasons discussed above, we reject that argument. As to Utley's other two concerns, the Court of Appeals' discussion of the bankruptcy discharge was consistent with the bankruptcy court's ruling allowing Polygon to pursue the sole proprietorship's insurance assets. In addition, because we conclude that there is no time bar posed by RCW 4.16.326(1)(g), Utley's concerns about whether the amendment to the complaint relates back are irrelevant.