2016 MAR 14  AM 9: 1_



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CHRISTOPHER PARSONS, )  No. 72859-8-I
)
Appellant, )  DIVISION ONE
)
v. )
)
ESTATE OF HELEN PARSONS, )  UNPUBLISHED
deceased, by THEODORE H. )
PARSONS III and LAURA E. HOEXTER )  FILED: March 14, 2016
as co-Personal Representatives for the )
Estate of Helen Parsons, )
)
Respondents. )
)

Cox, J. — Christopher Parsons appeals the grant of summary judgment in favor of the estate of Helen Parsons. There are no genuine issues of material fact, and the estate is entitled to judgment as a matter of law. Parsons argues that the trial court abused its discretion by denying his oral motion to amend the complaint to add a new claim following the court's oral grant of the summary judgment. He is wrong. We affirm in all respects.

This is a personal injury action that arises from Parsons's fall from a ranch house roof that the estate of Helen Parsons, deceased, owns. Theodore Parsons, the estate's personal representative, is Christopher Parsons's brother. We refer to the personal representative as "Theodore" to avoid confusion.

Parsons lived in the house for about 20 years, rent free, to maintain a presence on the property. As "caretaker," Parsons conducted general property maintenance. He also conducted roof repairs as needed: patching, tarping, and replacing shingles. He purchased the necessary materials without reimbursement. Parsons did not pay either the utilities or property taxes for the property.

In April 2011, Parsons went onto the roof to replace a tarp, which was there to protect the house from rain. It appears the roof needed repairs since 2006 due to falling trees.

He "misstep[ped]," fell, and sustained personal injuries from the fall. There is no indication in the record that what caused Parsons to "misstep" was hidden.

He commenced this action in September 2013. His complaint for damages asserts that the estate is his employer. It also asserts that the estate is a property owner under the common law. Finally, it asserts the estate is a contractor. Based on these assertions and others, he contended the estate owed him various duties, the breach of which proximately caused his damages.

In October 2014, the estate moved for summary judgment. At the hearing, the trial judge orally granted the estate's motion. Following this, Parsons orally moved to amend his complaint to add a new claim for breach of fiduciary duty against Theodore. The trial court orally denied this motion, stating it was "procedurally out of order."

Parsons appeals.

2

**PERSONAL INJURY CLAIM DISMISSAL**

Parsons asserted a personal injury claim in his complaint for damages. He argues that the estate owed him a duty of care. Because none of the legal theories asserted in the complaint raise any genuine issues of material fact, and the estate is entitled to judgment as a matter of law, we disagree.

Summary judgment is proper only when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[1] "A genuine issue of material fact exists when reasonable minds could differ on the facts controlling the outcome of the litigation."[2] This court draws all reasonable inferences in favor of the nonmoving party and reviews the evidence in the light most favorable to that party.[3]

We review de novo a trial court's grant of summary judgment.[4]

Here, the complaint states several alternative legal grounds for liability. Parsons asserts the estate is an "employer," who violated the Washington Industrial Safety and Health Act (WISHA) by forcing him to repair the roof of the house owned by the estate. He also claims the estate, as "property owner," owes him a duty under the common law. He finally claims the estate is a "general contractor," who violated WISHA. We now address each of these theories.

---

[1] Rose v. Anderson Hay & Grain Co., 184 Wn.2d 268, 286, 358 P.3d 1139 (2015); see also CR 56(c).

[2] Dowler v. Clover Park Sch. Dist. No. 400, 172 Wn.2d 471, 484, 258 P.3d 676 (2011).

[3] Rickman v. Premera Blue Cross, 184 Wn.2d 300, 311, 358 P.3d 1153 (2015).

[4] Rose, 184 Wn.2d at 286.

*Duty to Maintain a Safe Workplace*

Parsons argues that the estate owed him a duty to maintain a safe workplace as an employer or jobsite owner. Duty is one of the elements that he must prove for this tort claim. It is a legal question that we review de novo.[5] He fails to show that the estate owed him any duty.

Under WISHA, an "employer" is:

> any person, firm, corporation, partnership, . . . legal representative, or other business entity which engages in any business, industry, profession, or activity . . . and employs one or more employees or who contracts with one or more persons, the essence of which is the personal labor of such person or persons . . . .[6]

Although "business" is not defined in the statute, a "business" is "[a] commercial enterprise carried on for profit."[7]

WISHA requires employers to "comply with two distinct duties."[8] The second duty "runs to any employee who may be harmed by the employer's violation of the safety rules."[9]

This "duty does not require a direct employment relationship."[10] "[W]here a principal retains control over 'some part of the work,' [Washington courts] disregard the 'independent contractor' designation and require the principal . . . to

---

[5] Garrison v. Sagepoint Fin., Inc., 185 Wn. App. 461, 485, 345 P.3d 792, review denied, 183 Wn.2d 1009 (2015).

[6] RCW 49.17.020(4).

[7] BLACK'S LAW DICTIONARY 239 (10th ed. 2014).

[8] Afoa v. Port of Seattle, 176 Wn.2d 460, 470, 296 P.3d 800 (2013).

[9] Id. at 471 (emphasis omitted).

[10] Id. at 473.

maintain safe common workplaces for all workers on the site."[11] Jobsite owners must also "comply with WISHA regulations if they retain control over the manner and instrumentalities of work being done on the jobsite."[12]

When determining whether a person retains control, "the proper inquiry [is] whether there is a retention of the right to direct the manner in which the work is performed, not simply whether there is an actual exercise of control . . . ."[13] For example, a party retains control if it supplies safety equipment and actively supervises and actually controls all safety activities.[14] "'It is not enough that [the employer] has merely a general right to order the work stopped . . . , to inspect its progress . . . , to make suggestions . . . which need not necessarily be followed, or to prescribe alterations and deviations.'"[15] "'There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.'"[16]

"Employment status is a mixed question of fact and law."[17] "Where the facts are disputed, the determination of employment status is properly a question

---

[11] Id. at 477 (quoting Kelley v. Howard S. Wright Constr. Co., 90 Wn.2d 323, 330, 582 P.2d 500 (1978)).

[12] Id. at 472.

[13] Kamla v. Space Needle Corp., 147 Wn.2d 114, 121, 52 P.3d 472 (2002).

[14] See Kinney v. Space Needle Corp., 121 Wn. App. 242, 247, 85 P.3d 918 (2004).

[15] Kamla, 147 Wn.2d at 121 (quoting RESTATEMENT (SECOND) OF TORTS § 414 cmt. c (1965)).

[16] Id. (quoting RESTATEMENT (SECOND) OF TORTS § 414 cmt. c).

[17] Anfinson v. FedEx Ground Package Sys., Inc., 159 Wn. App. 35, 72, 244 P.3d 32 (2010), aff'd, 174 Wn.2d 851, 281 P.3d 289 (2012).

for the trier of fact."[18] "A party prevails on its motion for summary judgment if the evidence . . . shows that there is no genuine issue of material fact regarding retained control."[19]

Here, the estate did not owe Parsons a duty to maintain safe working conditions under WISHA. The estate does not fall within the employer definition because it does not engage in any "business, industry, profession, or activity," as the statute requires.[20] Likewise, it does not employ "one or more employees."[21] Thus, the plain words of the WISHA statute do not apply to the estate. There simply is no duty. Accordingly, no factual dispute is material for summary judgment purposes.

To the extent further inquiry is warranted, Parsons also failed to demonstrate that the estate retained the right to control the manner and instrumentalities of his attempt to fix the roof. He maintained the roof as needed and purchased the materials without reimbursement from the estate. Parsons even stated that Theodore "rarely" inspected the home or made "recommendations for needed repairs." He also stated that Theodore "never gave . . . any instruction as to how to do the work on the roof." The record does not show that Theodore directed Parsons to climb the roof, how and when to repair the roof, or which materials to use. These facts are fatal to Parsons's

---

[18] Id.

[19] Humes v. Fritz Cos., Inc., 125 Wn. App. 477, 492, 105 P.3d 1000 (2005).

[20] RCW 49.17.020(4).

[21] Id.

claim. There is no genuine issue of material fact: the estate did not owe him a duty to maintain a safe work site. Summary judgment was appropriate.

Parsons argues that the estate retained control over the manner in which the roof was repaired. He argues that this control is demonstrated by Theodore's rejection of Parsons's request to hire a professional roofer and his instruction to Parsons to "climb the roof and do the work himself." But Theodore's rejection of Parsons's request does not show that Theodore retained "'a right of supervision'" in such a way that Parsons was "'not entirely free to do the work in his own way.'"[22]

Parsons also argues that the estate owed him a duty of care because he was "required" to live in the house to maintain it for the "business of selling" the house. To support this argument, he argues that Theodore's compensation for his services is "tantamount to a business activity." Parsons cites no authority for this argument, and we need not further consider it.[23]

*Premises Liability*

Parsons argues that the estate owed him a duty of care as landowner. It did not.

---

[22] Kamla, 147 Wn.2d at 121 (quoting RESTATEMENT (SECOND) OF TORTS § 414 cmt. c).

[23] See Darkenwald v. Emp't Sec. Dep't, 183 Wn.2d 237, 248, 350 P.3d 647 (2015); RAP 10.3(a)(6).

"[T]he test in a premises liability action is whether one is the 'possessor' of property, not whether someone is a 'true owner' (the titleholder) of property."[24] The determinative issue is whether a party "actually possessed the premises."[25]

The Restatement (Second) of Torts provides that a possessor of land is:

> (a) a person who is in occupation of the land with intent to control it or
>
> . . .
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clause[] (a) . . . .[26]

One who assumes control and management of property, but does not have title, "'cannot escape liability for injuries resulting from its defective condition.'"[27] Genuine issues of material fact regarding a party's possession and control of property may be found if that party makes repairs and managerial decisions, pays utility bills and repair costs, and collects rent.[28] But rent collection, by itself, does not establish possession and control.[29]

Here, the estate did not possess the ranch house when Parsons was injured. Parsons lived in the house for 20 years and conducted general property maintenance. He purchased the materials he needed to repair the roof, without

---

[24] Gildon v. Simon Prop. Grp. Inc., 158 Wn.2d 483, 496, 145 P.3d 1196 (2006).

[25] Coleman v. Hoffman, 115 Wn. App. 853, 859, 64 P.3d 65 (2003).

[26] RESTATEMENT (SECOND) OF TORTS § 328E (1965).

[27] Coulson v. Huntsman Packaging Prods. Inc., 121 Wn. App. 941, 945, 92 P.3d 278 (2004) (quoting Fitchett v. Buchanan, 2 Wn. App. 965, 972, 472 P.2d 623 (1970)).

[28] See Coleman, 115 Wn. App. at 862-63.

[29] Id. at 862.

reimbursement from the estate, and repaired the roof when he determined it was necessary. He also allowed a friend to live on the property, rent free.

Based on these facts, Parsons falls within the definition of possessor under section (a) of the Restatement (Second) of Torts. Accordingly, the estate was not a possessor under section (c). Thus, there is no genuine issue of material fact over possession of the ranch house. Summary judgment was appropriate.

Parsons argues, without citation to authority, that the "role of actual possession . . . is subordinate to the question of who had the paramount right and duty to possess and control the property." Because Parsons cites no authority for this argument, we need not further consider it.[30]

*Landlord Duty*

Parsons argues that "a material issue of disputed fact" exists whether the estate satisfied its duty as a landlord. He is wrong again.

A tenant may sue a landlord "under any of three legal theories: the [Residential Landlord Tenant Act (RLTA)], the rental agreement, or the common law."[31]

It is important to remember that Parsons's complaint for damages asserted a claim for relief under the common law against the estate as landowner. He did not assert any claim based on the RLTA or any rental agreement. Moreover, in his reply to the estate's motion for summary judgment,

---

[30] See Darkenwald, 183 Wn.2d at 248; RAP 10.3(a)(6).

[31] Landis & Landis Constr., LLC v. Nation, 171 Wn. App. 157, 162, 286 P.3d 979 (2012).

he cited a case based on the common law duty of a landlord to its tenants—

Mucsi v. Graoch Associates Limited Partnership No. 12.[32] Thus, only the

common law duty is at issue here.

In Mucsi, a tenant was injured by falling on snow and ice located in the

common area of a building. The supreme court discussed a landowner's

common law duty to a tenant under the Restatement (Second) of Torts section

343:

> [A] landowner is subject to liability for harm caused to his tenants by a condition on the land, if the landowner (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to tenants; *(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it;* and (c) fails to exercise reasonable care to protect the tenant against danger.[33]

This record demonstrates that there is no evidence of the second of the

three conditions for landlord liability under the common law. There is nothing in

this record to show that the roof condition was hidden or that the estate had any

reason to expect that Parsons would fail to discover the condition. Absent such a

showing, no factual dispute is material.

## MOTION TO AMEND COMPLAINT

Parsons argues that the trial court abused its discretion by denying his

oral motion to amend his complaint to add a new claim following the oral grant of

summary judgment to the estate. We hold that the court properly exercised its

discretion.

---

[32] 144 Wn.2d 847, 31 P.3d 684 (2001).

[33] Id. at 855-56 (emphasis added).

CR 15(a) governs pleading amendments and provides that the moving party "shall" attach a proposed amended pleading to the motion. "The use of the word 'shall' is a mandatory directive."[34] This requirement provides parties with adequate notice of the basis for claims asserted against them, facilitates proper decisions on the merits, and allows amendment except where it would result in prejudice to the opposing party.[35] "'The touchstone for the denial of a motion to amend is the prejudice such an amendment would cause to the nonmoving party.'"[36]

Factors courts may consider "'in determining whether permitting amendment would cause prejudice include undue delay [and] unfair surprise.'"[37] Undue delay "constitutes grounds to deny a motion to amend only where such delay works undue hardship or prejudice upon the opposing party."[38] "But '[w]hen a motion to amend is made after the adverse granting of summary judgment, the normal course of proceedings is disrupted and the trial court should consider whether the motion could have been timely made earlier in the litigation.'"[39]

---

[34] Planned Parenthood of Great Nw. v. Bloedow, 187 Wn. App. 606, 622, 350 P.3d 660 (2015).

[35] Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999).

[36] Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc., 166 Wn.2d 475, 484, 209 P.3d 863 (2009) (quoting Wilson, 137 Wn.2d at 505-06).

[37] Id.

[38] Oliver v. Flow Int'l Corp., 137 Wn. App. 655, 664, 155 P.3d 140 (2006).

[39] Ensley v. Mollmann, 155 Wn. App. 744, 759, 230 P.3d 599 (2010) (alteration in original) (quoting Doyle v. Planned Parenthood of Seattle–King County, Inc., 31 Wn. App. 126, 130-31, 639 P.2d 240 (1982)).

We review for abuse of discretion the denial of a motion to amend.[40]

In Hook v. Lincoln County Noxious Weed Control Board, the appellant sought leave to amend his complaint, without submitting a proposed amended complaint, after the order granting summary judgment for the respondents was presented.[41] He did not comply with the rule, and the trial court denied his motion.[42] Division Three of this court stated that both the trial court and respondents had "a legitimate need to see the proposed amended pleading in order to address and assess relevant issues of prejudice . . . ."[43] The court also recognized that the respondents were prejudiced by the appellant's request "to file an as-yet unprepared amended complaint."[44] Thus, the court determined that the appellant's "failure to [comply with] . . . CR 15(a) was a sufficient basis for denying the motion."[45]

Here, the trial court did not abuse its discretion in denying Parsons's oral motion to amend his complaint to add a new claim. First, CR 15(a) required that Parsons attach a proposed amended complaint to his motion. Obviously, the rule contemplates a written motion, not an oral one. He failed to comply with this

---

[40] See Cambridge Townhomes, LLC, 166 Wn.2d at 483.

[41] 166 Wn. App. 145, 150, 269 P.3d 1056 (2012).

[42] Id.

[43] Id. at 159.

[44] Id. at 160.

[45] Id.

rule, and the trial court denied his motion, stating it was "procedurally out of order."

As stated in Hook, the estate had "a legitimate need to see the proposed amended pleading in order to address and assess relevant issues of prejudice . . . ."[46] On this basis alone, the trial court's ruling was correct.

To the extent there is any need for additional inquiry, it is clear that the trial court could reasonably have determined that allowing the amendment would create prejudice. The discovery cutoff date was 31 days after the summary judgment hearing and the trial date was less than three months away.

Further, Parsons's original complaint did not plead any breach of fiduciary claim. As the trial court made clear during its oral ruling on the motion for summary judgment, such a claim was not then before the court. And there is nothing in this record to explain why Parsons could not earlier have moved to amend the complaint to add this new claim.

Parsons argues that new witnesses or evidence were not required for the new claim. He specifically argues that his new claim related to Theodore's duties and that these duties were intrinsic to the claims and defenses of the case. But Parsons offers no support for these conclusory assertions, and we simply disagree with them.

Parsons also argues that actual prejudice, including undue delay and unfair surprise, was not offered as a "serious concern." Again, we simply disagree for the reasons we already stated.

---

[46] Id. at 159.

13

## MOTION TO STRIKE

Finally, the estate moved to strike from the record Parsons's motion for reconsideration of the order granting summary judgment. At oral argument of this case, the parties clarified that the trial court never considered this motion. Accordingly, there is no ruling for us to review. We have disregarded the object of the estate's motion. Thus, there is no need to grant the motion to strike.

We affirm the summary judgment order and the denial of the oral motion to amend the complaint. We deny the motion to strike.

Cox, J.

WE CONCUR: