IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GLENN R. OAKES and CINDY R. OAKES, husband and wife, | No. 79487-6-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MATTHEW CHIU and RAME CHIU, husband and wife, | |
| Respondents. | |

MANN, C.J. — Glenn and Cindy Oakes appeal the trial court's decision dismissing their timber trespass claim on summary judgment. Because the Oakeses failed to present evidence of any resulting damages to support their claim, we affirm.

I.

In May 2014, Matthew and Rame Chiu cut new growth off of a cottonwood tree stump located on the Oakeses' property and sprayed it with a Roundup-brand pesticide.[1] The Chius also wrapped the stump with large plastic bags in an attempt to suffocate the new growth.

In June 2017, the Oakeses filed a pro se complaint against the Chius for timber trespass under RCW 64.12.030.[2] They made minor amendments to this claim, by stipulation in May 2018, but did not allege any additional claims.

---

[1] Another entity, not a party to this appeal, cut down the tree in September 2013.
[2] RCW 64.12.030 applies to any "tree," "timber," and "shrub."

Citations and pin cites are based on the Westlaw online version of the cited material.

In November 2018, the Chius moved for summary judgment arguing that the Oakeses lacked evidence of damages to support their claim.[3] The trial court granted the motion and entered orders dismissing the Oakeses' claim with prejudice. The Oakeses then filed a motion for reconsideration, which the trial court denied. The Oakeses appeal.

II.

The Oakeses argue that they produced sufficient evidence to create a material issue of fact on their timber trespass damages. We disagree.

We review summary judgments de novo, engaging in the same inquiry as the trial court, and viewing the facts and the inferences in favor of the nonmoving party. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[4] CR 56(c).

On summary judgment, the moving party bears the initial burden of showing that it is entitled to judgment as a matter of law. Ranger Ins., 164 Wn.2d at 552. If the moving party meets its burden, the burden then shifts to the nonmoving party to bring forth "specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact." Meyer v. Univ. of Wash., 105 Wn.2d 847, 852, 719 P.2d 98 (1986).

---

[3] The Chius had previously moved for summary judgment dismissal of the Oakeses' claim, which the trial court denied in July 2018. That decision is not at issue in this appeal.

[4] "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation." Ranger Ins., 164 Wn.2d at 552.

A.

The plaintiff bears the burden to prove damages in a timber trespass action. Seattle-First Nat. Bank v. Brommers, 89 Wn.2d 190, 197, 570 P.2d 1035 (1977). "The standard measure of damages for the loss of ornamental trees in actions brought pursuant to RCW 64.12.030 is either the restoration costs or the diminution in the value of the affected property."[5] Happy Bunch, LLC v. Grandview North, LLC, 142 Wn. App. 81, 91 n.3, 173 P.3d 959 (2007).

Here, the Chius met their initial burden of establishing that the Oakeses "suffered no cognizable damages." They supported their motion with the report of M. Eliza Davidson, a certified arborist, who inspected the stump in May 2017 and stated:

> Apparently the stump was not treated to prevent regeneration, for which cottonwood is well known. Re-sprouting stems are growing robustly from the trunk just below the top of the stump and range up to 1½" in diameter. All stems are crowded and weakly attached. A dense grove of root sprouts also extends westward and upslope from the stump. These saplings have reached an approximate height of 12-16 feet. This thicket appears to be growing and spreading with great vigor. I found little evidence that either stump or root fares were physically damaged or decayed.

Davidson also testified that "[i]f you don't specifically treat a cut stump, poison it or girdle it, you will get abundant regrowth, and that's what has happened over the years to this cottonwood."

In opposition, along with their declarations, the Oakeses submitted pictures showing a mixture of black and green foliage around the stump that were taken within a few days of the Chius' actions. They supplied nothing else to show physical damages. And while they offered the declaration of Joseph Booth, a certified land use planner, to

---

[5] An "ornamental" or residential tree's "primary function and value is essentially noncommercial in nature." Sherrell v. Selfors, 73 Wn. App. 596, 603, 871 P.2d 168 (1994).

raise an issue of fact on damages, Booth did not state that the Chius caused any damage to the stump. Rather, Booth stated:

> I was informed that the tree was illegally cut down by the Summit Homeowner's Association (HOA) several years ago and it was subsequently poisoned and recut by neighbors thereafter.
>
> I have examined the property and note that the stump continues to sprout. Prior to the initial cutting and poisoning of the cottonwood, the tree provided slope stability and erosion control functions. While the remaining stump provides some of these functions, further poisoning will eventually eliminate all such functions, leaving the adjacent geologic hazardous area more prone to erosion and slumping.

(Emphasis added). Nor did Booth's offer any value estimates for restoring the new growth or foliage impacted by the Chius' trespass.

The Oakeses failed to produce sufficient evidence of damages to support a timber trespass claim. Therefore, the trial court properly granted summary judgment.

B.

The Oakeses contend that they are entitled to emotional distress damages for the timber trespass and that material facts remain in dispute. However, it is undisputed that the Chius' actions here involved only the new growth on the stump, that "the stump continues to sprout," and that the sprouts "are growing robustly." And, the Oakeses have failed to ascribe any value to this new growth. The evidence on review supports the absence of material facts on this issue. Accordingly, the trial court did not err by summarily dismissing the claim.

III.

Next, the Oakeses argue that the trial court erred by denying their oral motion to amend the complaint to add a new claim of general trespass. This argument is not persuasive.

- 4 -

We review the denial of a motion to amend for abuse of discretion.[6] Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc., 166 Wn.2d 475, 483, 209 P.3d 863 (2009). CR 15(a) governs pleading amendments and provides that the moving party "shall" attach a proposed amended pleading to the motion. One of the purposes of this requirement is to provide parties with adequate notice of the basis for claims asserted against them.[7] Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999).

Here, the Oakeses failed to comply with CR 15(a) because that rule contemplates a written motion, not an oral one like the Oakeses attempted during the summary judgment hearing. Moreover, during its oral ruling, the trial court made clear that,

> I'm not going to just sua sponte amend the complaint. There was opportunities if the Oakes wanted to . . . say under [CR] 56(f), we don't have enough time to respond to this, we need additional time, . . . or to file as part of their response, this should be an amendment to include some other claim other than timber trespass. The only thing that's pled and is before me at this point is timber trespass.

"While inexpert pleadings may survive a summary judgment motion, insufficient pleadings cannot." Pac. Nw. Shooting Park Ass'n v. City of Sequim, 158 Wn.2d 342, 352, 144 P.3d 276 (2006). Nothing in the record explains why the Oakeses did not earlier move to amend. Thus, there was no abuse of discretion.

---

[6] "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Ameriquest Mortg. Co. v. Office of Attorney General of Wash., 177 Wn.2d 467, 478, 300 P.3d 799 (2013).

[7] A civil complaint must "apprise the defendant of the nature of the plaintiff's claims and the legal grounds upon which the claims rest." Kirby v. City of Tacoma, 124 Wn. App. 454, 469-70, 98 P.3d 827 (2004).

IV.

Finally, the Oakeses argue that the trial court erred by denying their motion for reconsideration of its summary judgment order. Below, they sought reconsideration on three separate grounds CR 59(a)(1), (7), and (9). On appeal, the Oakeses abandon their arguments under CR 59(a)(1) and (7).[8] Thus, we discuss only their CR 59(a)(9) argument which we now reject.

We review a trial court's order on reconsideration for abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). Courts rarely grant reconsideration under CR 59(a)(9) for lack of substantial justice due to the other broad grounds set forth under CR 59(a). Lian v. Stalick, 106 Wn. App. 811, 825, 25 P.3d 467 (2001).

Here, in seeking reconsideration, the Oakeses repeated the arguments that they made in opposition to summary judgment. And, as discussed above, they failed to demonstrate any error in the trial court's order on summary judgment. Likewise, for reasons already detailed, the Oakeses have failed to demonstrate that the trial court abused its discretion in denying reconsideration based on CR 59(a)(9).

We affirm the summary judgment order, denial of the oral motion to amend the complaint, and denial of the motion for reconsideration.

---

[8] The Oakeses' brief does not address CR 59(a)(1) (irregularity in the proceedings) or CR 59(a)(7) (no evidence to justify the decision or contrary to law). Accordingly, we deem that they have abandoned these arguments on appeal. RAP 10.3(a)(6).

Mann, C.J.

WE CONCUR:

Chun, J.

Leach, J.